### TEMPLETON v. WOOLVERTON.
### No. 2325.

Court of Civil Appeals of Texas. Eastland.

Jan. 15, 1943.

Rehearing Denied Feb. 5, 1943.

950

The suit was brought in Taylor County, in which the defendant, M. B. Moore, resided. The defendant, J. B. Templeton, a resident of Dallas County, filed a plea of privilege. Plaintiff filed a controverting affidavit, but therein specified no particular exception to the general rule of venue under which venue in Taylor County was sought to be sustained as to the defendant Templeton.

Upon the hearing the court overruled said plea of privilege, from which action the defendant, J. B. Templeton, has appealed.

We think we may express our conclusions upon all material questions involved in the several points relied upon by appellant without stating such points and thus materially shorten the opinion.

 Under the plaintiff's controverting affidavit, which, as said before, specifies no particular exception to the general rule of venue, we may at once exclude from consideration as inapplicable all exceptions but exception 4. "Proof that a named defendant is in fact a resident of the county where the suit is pending and that plaintiff has a cause of action against him, together with proof of the nature of the case which plaintiff's pleadings supply, constitutes full proof of every fact necessary to show that the case comes within exception 4. * * *

"The first of these two [sic.] venue facts, that one of the defendants resides in the county where the suit is pending, must be proven by affirmative evidence upon the hearing. * * * The other of the two [sic.] venue facts named by the terms of exception 4, that is, that the suit is brought against two or more defendants, pertains to the nature of the suit. The reasonable inference is that a proper suit against two or more defendants is meant, that is, a suit in which the defendants are properly joined. It is essential that a plaintiff seeking to obtain the benefit of exception 4 allege in his *petition a joint cause of action against the resident and nonresident defendants,* or a cause of action against the resident defendant so intimately connected with the cause of action alleged against the nonresident defendant that the two may be joined under the rule intended to avoid a multiplicity of suits. * * * Proof that the suit is of such nature is supplied by the plaintiff's petition, for it, as so often has been said, is 'the best and all-sufficient evidence of the nature of the ac-

Malone, Lipscomb, White & Seay and M. B. Solomon, all of Dallas, Smith & Eplen, of Abilene, and Paul Petty, of Ballinger, for appellant.

Stinson, Hair, Brooks & Duke, of Abilene, for appellee.

FUNDERBURK, Justice.

In this suit M. H. Woolverton seeks judgment against Leon Thomas, M. B. Moore and J. B. Templeton, establishing a joint liability of defendants as partners for an indebtedness claimed to be due to plaintiff.

tion.'" (Italics ours). The foregoing quotation is from Judge Smedley's opinion written for the Supreme Court in Stockyard's National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300, 1301, 1302. Application of the above decision to the instant case involves an inquiry into matters which may appropriately, we think, be classified into four divisions as follows: First. Do the pleadings and evidence show that M. B. Moore was a resident of Taylor County? There can be no difference of opinion, we think, that they do. Second. Does plaintiff's petition (Second Amended Original Petition) show that the suit is brought against two or more defendants residing in different counties? There can, we think be but one answer to this question. The petition shows such to be the nature of the suit. Third. Does said petition allege a joint cause of action against M. B. Moore—the resident defendant—and J. B. Templeton—the nonresident defendant—who is asserting his privilege to be sued in Dallas County? We need not go further and inquire whether said pleading alleges "a cause of action against the resident defendant (Moore) so intimately connected with the cause of action alleged against the non-resident defendant (Templeton) that the two may be joined under the rule intended to avoid a multiplicity of suits", because it is apparent that if plaintiff's petition alleges any cause of action at all against anyone, it is a joint cause of action against all three defendants as partners.

Plaintiff's petition may be subject to one or more special exceptions, but if so that is immaterial to any issue involved in the trial of the plea of privilege.

■ We think we would be unwarranted in concluding that plaintiff's petition is so fatally defective that it cannot be seen from an inspection thereof that it alleges a joint cause of action against M. B. Moore and J. B. Templeton. Fourth. Did the evidence establish the several elements of the alleged cause of action against defendant, M. B. Moore, or if not, did the evidence raise issues of fact as to all such elements of such cause of action? M. B.

Moore testified that the debt claimed had not been paid. He did not deny that he owed it. The evidence showed, we think, that he did owe it. In our opinion, if the evidence did not establish conclusively the alleged cause of action against M. B. Moore, it at least raised issues impliedly found to that effect by the judgment overruling the plea of privilege.

■ The controverting plea is subject to criticism. For one thing, good practice requires, we think, that a controverting affidavit specify the particular exception or exceptions relied upon to sustain the venue. But we are not prepared to hold that that is essential where the allegations of the controverting plea show facts which bring a case within one or more exceptions. In this case as against all exceptions urged against the controverting plea, we think that such controverting plea sets forth the essential venue facts as same are hereinabove indicated.

■ Whether, as a matter of fact, J. B. Templeton was a partner with Leon Thomas and M. B. Moore so as to render him in fact liable upon contracts made by Moore, is not a fact included in the venue facts in issue. The only purpose of proving that J. B. Templeton was such partner would, so far as we can see, be to show that he was liable for the debt sought to be recovered. That his liability is immaterial is fully answered by the Supreme Court's answer to the first question certified in Stockyards National Bank v. Maples, supra, as follows: "When, in a suit against two defendants residing in different counties brought in the county of the residence of one of them, the nonresident defendant files a plea of privilege to be sued in the county of his residence and the plaintiff seeks to sustain venue under exception 4 of article 1995, it is not incumbent upon the plaintiff in order to sustain the venue as laid to prove a cause of action against the nonresident defendant."

Being of the opinion that the judgment overruling the plea of privilege is not shown to be incorrect and should be affirmed, it is accordingly so ordered.