**GUGENHEIM et al. v. ANHEUSER-BUSCH, Inc., et al.**

No. 9613.

Court of Civil Appeals of Texas. Austin.

Dec. 18, 1946.

Rehearing Denied Jan. 8, 1947.

Adrian A. Spears and Peter Michael Curry, both of San Antonio, and Polk Shelton, of Austin, for appellants.

Clark, Coon, Holt & Fisher and Pat Coon, all of Dallas, for appellees.

BAUGH, Justice.

Appeal is from an order of the district court sustaining appellees' plea of privilege and transferring the cause to the district court of Dallas County, Texas.

Jac E. Gugenheim, and eight other named individuals, doing business under the trade name as Gugenheim-Goldsmith Co. sued Anheuser-Busch, a Texas corporation, and August A. Busch & Co., a foreign (Missouri) corporation, having a permit to do business in Texas, for breach of contract. Both corporations filed pleas of privilege to be sued in Dallas County. In their controverting plea, in addition to specifically adopting the fact allegations of their petition, appellants alleged in ex-

tenso facts relied upon as constituting a written contract with appellees, performable in Travis County, set out the breach thereof in detail by appellees, and predicated venue in Travis County specifically under Sub. 5 of Art. 1995, R.C.S., Vernon's Ann. Civ.St. art. 1995, subd. 5. Hearing was had on the venue issue and the trial court sustained appellees' pleas on November 6, 1946. On November 7, 1946, appellants filed a motion for "new trial or rehearing" wherein they urged for the first time that under their controverting plea and the proof made,. venue in Travis County would properly lie under Sub. 23, Art. 1995, R.C. S., in that the "cause of action, or a part thereof" under their pleadings and proof, arose in Travis County. The trial court entertained such motion, had a hearing thereon, and on November 22, 1946, overruled same, apparently on the ground that this exception to the venue statute had not been pleaded nor relied upon by appellants in the original controverting plea, nor in the hearing thereon.

The first question thus presented is whether, in view of the provisions of Texas Rules of Civil Procedure, rule 385(e) that "In all appeals from interlocutory orders there shall be no motion for a new trial * * *," the trial court, having entered its judgment, the appellants had any right to file such motion, or whether the court in its discretion could legally entertain or act upon such motion other than to dismiss it. Under the conclusions we have reached we do not find it necessary to decide this question. This for the reason that we are of the opinion that without such motion or the court's action thereon, appellants both pleaded and proved venue facts or grounds sufficient to sustain venue in Travis County under Sub. 23, Art. 1995, R.C.S., even though they did not in their controverting plea expressly predicate venue on said exception. And in passing upon this appeal we do so as if said motion had not been filed, but as though the appellants had, without filing any motion in the trial court, prosecuted their appeal direct from the order of November 7, 1946, and were urging here for the first time the grounds presented to the trial court.

We think it is clear that the appellants sufficiently pleaded and made prima facie proof of a contract in writing with appellees. The appellees offered no proof on the venue hearing other than to cross examine appellants' only witness. It is not controverted that appellees were corporations. However, the only portion of said contract alleged to have been breached by appellees was performable in St. Louis, Missouri, and not in Travis County, Texas. Consequently, they did not establish venue in Travis County under Sub. 5 of Art. 1995.

■ The material facts and circumstances giving rise to the contract in question, pleaded and proved, were substantially as follows: Appellants had been district distributors for appellees of Budweiser beer in Travis and surrounding counties,—six in all—for many years prior to the beginning of World War No. 2. The war curtailed the supply and use of tin in industry and virtually eliminated the use of tin cans as containers for beer. Appellees, however, had adequate supplies of glass bottles, but insufficient tin to make caps or crowns for such bottles. They thereupon inaugurated what was designated as a "tin program" to acquire tin to make crowns for glass bottles. This was done through offers by letters, bulletins, circulars, etc., to their distributors throughout the United States to collect and send to August A. Busch & Company at St. Louis, Missouri, used tin cans from which crowns for bottles could be made. The beer manufactured at St. Louis was, after the war began, allotted to these distributors on the basis of 70% of the amount sold to each distributor in 1941. But as an inducement to them to collect, salvage, prepare and ship to the manufacturer used tin cans, August A. Busch & Company offered to increase the allotment of beer for civilian sale and use in proportion to the amount of tin collected, processed and shipped to it by the distributor. The program was authorized by the federal government, collectors of tin were required to secure licenses to do so, and ceiling prices for the purchase and sale of such tin fixed by OPA. In its directives, letters, circulars, bulletins, etc., issued by August A. Busch & Company, all signed by its authorized agents, and mailed to its distributors, including Gugenheim-Goldsmith Co., at Austin, Texas, full and complete instructions were given to them as to how to proceed, together with agreement to pay costs thereof and freight on the tin shipped from point of origin to St. Louis, Missouri. Clearly these various instruments duly signed by an officer or agent of appellees, constituted an offer in writing to appellants, upon the terms therein stated, under which, if complied with, said appellees agreed to ship to appellants the quantities of beer stated in such offer, in addition to the regular allotment to them based on their 1941 purchases. While the proof fails to show any written acceptance by appellants of such offer, the appellants did act thereon, employed additional men to collect, process, pack and ship from Austin, Texas, to said appellee at St. Louis, Missouri, large quantities of such tin, on which August A. Busch & Company paid the freight, accepted and used, and gave credit to appellants for additional quantities of beer for civilian use. On January 5, 1945, in a written statement, appellees in a letter to appellants acknowledged that by virtue of their "tin account statement" appellants were then due on said account a balance of 131,163 cases of beer.

■ Under these circumstances there was clearly a written contract between appellants and appellees for the shipment of additional quantities of beer over and above their regular allotment, determinable by the amount of tin shipped by appellants to August A. Busch & Co. at St. Louis. It is settled law that an offer in writing, though not accepted in writing by the offeree, but which is received, acted upon and performed by him, and the offerer receives the benefit of such performance, constitutes a contract in writing between the parties. 10 Tex.Jur., § 19, p. 38; § 152, p. 265, and cases cited.

It was for breach of this contract that this suit was brought. From the above statement it is clear that such contract, so far as appellants were concerned, was performable where the tins were collected.

and shipped. All correspondence concerning the offer was addressed to appellants at Austin, Texas, and all tins shipped by appellants from Austin, Texas. While appellees urge that appellants' district consisted of six counties and performance by appellants was not confined to Travis County, we think that is immaterial for the reason that both the allegations and the proof showed that they did perform their part of said contract in Travis County, and were, under the offers made, authorized to do so.

■ However, the part of said contract which appellees are alleged to have breached (failure to ship said beer) was performable in St. Louis, Missouri. That is, the proof showed that all beer purchased by appellants was to be shipped FOB St. Louis. Appellees had performed the only obligation performable by them in Austin, by payment of freight on said cans. Thus the only breach of such written contract by appellees alleged by appellants was that performable at St. Louis and not one performable in Travis County. Hence venue thereof would not lie in Travis County under Sub. 5 of Art. 1995.

■ ■ However, whatever cause of action they had was predicated upon and said contract performable in part in Travis County, and in part in St. Louis, Missouri. It therefore arose in part in Travis County, and, appellees admittedly being corporations, would for venue purposes come within the provisions of Sub. 23 of Art. 1995, R.C.S. The proof on the venue issue, we think, clearly so shows.

The question then arises as to whether, under such proof, appellants have failed to sustain venue in Travis County, because they failed, in their controverting plea to appellees' plea of privilege, to assert same under the proper exception to the venue statute. In so far as the adequacy of the pleadings on the venue issue is concerned, we think there is no material difference between the requirement of Art. 2007, R.C.S., that the controverting plea state "Specifically the fact or facts relied upon to confer venue," and that of amended T.R.C.P. 86, which superseded said Article, that such

plea state "Specifically the grounds relied upon to confer venue." Further that the same construction by the courts of said old Art. 2007, would be equally applicable to said T.R.C.P. 86, which makes no material change in the statute so far as the sufficiency of the controverting plea is concerned.

■ A somewhat similar question was presented in Templeton v. Woolverton, Tex.Civ.App., 168 S.W.2d 949, wherein no specific exception under Art. 1995 was stated in controverting plea. There, as here, no exceptions were lodged against the sufficiency of such plea. There, as here, the pleadings and proof on the venue issue were sufficient to maintain venue where suit was filed; and the court there held that overruling the plea of privilege was not error. Obviously, we think, where as here both the pleading and the proof are sufficient to sustain venue in Travis County, but not under the specific exception pleaded, the same reasoning would apply. Nowhere does the language either of former Art. 2007, nor of Rule 86, T.R.C.P., require the plaintiff, as against a plea of privilege that none of the exceptions contained in Art. 1995 apply, to plead specifically which particular subdivision of such statute applies. He is only required to plead under oath the specific "grounds" (formerly fact or facts) on which venue is predicated. Such grounds may, and sometimes do, fall within more than one exception. As to what exception applies to the stated grounds may be but a conclusion of the pleader. And the rule applicable seems to be that where such grounds are specifically set out in the controverting plea, and the proof sustains them, proper venue is shown where suit is filed even though the pleader may be in error as to which exception under the statute properly applies. Such is the rule laid down in Smith v. Abernathy, Tex. Civ.App., 6 S.W.2d 147; Sims v. Trinity Farm Const. Co., Tex.Civ.App., 28 S.W.2d 856; American Asphalt Co. v. O'Rear, Tex.Civ.App., 36 S.W.2d 779; and is, we think, sound in reason and in law. We conclude, therefore, that the trial court erred in sustaining said plea of privilege

and ordering the cause transferred to the District Court of Dallas County. The order appealed from is set aside and the cause remanded to the trial court for trial upon the merits.