Walter W. **FLUGRATH**, Appellant,

v.

**BRICKSTONE PRODUCTS CORPORATION**, Appellee.

No. 11461.

Court of Civil Appeals of Texas.

Austin.

Jan. 25, 1967.

Leo A. Oliver, San Antonio, for appellant.

Golder H. Russell, P. Otis Hibler, San Antonio, for appellee.

PHILLIPS, Chief Justice.

This is an appeal from an order granting defendant's plea of privilege.

Appellant, the plaintiff below, entered into a contract with the abovementioned defendant appellee wherein appellee was to cover the outside of a dwelling house that appellant built in New Braunfels, Comal County, Texas, with Brickstone which is apparently a trade name for a building material applied in the manner of plaster.

Appellant's suit alleged that numerous cracks appeared in the Brickstone that was applied to the side of the house; that appellee repaired the cracks only to have other cracks appear which appellee again repaired after which the cracks reopened and finally that appellee failed and refused to remedy the above described condition. For this alleged breach, appellant sought certain money damages.

As stated above, the trial court granted appellee's plea of privilege from which order appellant has perfected his appeal to this Court.

Appellant is before this Court on fourteen points of error, however inasmuch as we sustain his fourteenth point, it will be unnecessary to discuss the others.

Appellant's fourteenth point is the error of the Court in overruling his plea of privilege because the defendant is a corporation and the cause of action or a part thereof arose in Comal County, Texas.

Vernon's Ann.Tex.Rev.Civ.Stat. Art. 1995, Subd. 23 provides that no person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in the following cases: Thus follows a number of exceptions including number 23 which, among other provisions, states that suits against a private corporation may be brought in the county in which the cause of action or part thereof arose.

It is under this exception that appellant seeks to prevail here.

Appellant's petition and controverting plea to appellee's plea of privilege (said controverting plea having adopted the petition as a part thereof) name appellee as a corporation and describe the cause of action as arising in Comal County.

True, in the hearing on the plea, appellant sought to sustain venue under several other sections, however, Tex.R.Civ. P. 86, which requires a controverting plea to state specifically the grounds relied upon to confer venue does not require a plaintiff, as against a plea of privilege, to plead specifically which particular exception of the venue statute applies. See this Court's opinion in Gugenheim v. Anheuser-Busch, 198 S.W.2d 950 (Tex.Civ.App. 1946, no writ).

Appellant alleged and proved a cause of action against appellee which arose in Comal County, the county in which the suit was filed.

By motion, appellee contends that this appeal should be dismissed by virtue of the fact that the bond was not in an amount of at least double the probable amount of the costs in the trial court and the cost of the statement of facts and transcript as fixed by the Clerk. Appellee further contends that although the bond was timely filed it has been altered on its face without any indication that such allegations were timely made.

We overruled this motion inasmuch as there is no question about the timely filing of the bond but only a question of amendment which was permissible under Tex.R. Civ.P. 430.

The judgment of the trial court is reversed and the cause remanded to Comal County for trial.

Reversed and remanded.

O'QUINN, J., not sitting.