**Phyllis MADDOX et vir, Appellants,**

**v.**

**Raymond L. SCHWARTZ, Appellee.**

**No. 15444.**

Court of Civil Appeals of Texas.

Houston (1st Dist.).

March 20, 1969.

Fulbright, Crooker, Freeman, Bates & Jaworski, David J. Beck, Arno W. Krebs, Jr., Houston, for appellants.

W. D. Bonham, Houston, for appellee.

PEDEN, Justice.

Venue case. Appellants, residents of Galveston County, were defendants in a damage suit arising from a three-car collision in Harris County. After a venue hearing, the trial court on July 15, 1968, orally rendered a decision in open court sustaining appellants' plea of privilege, and on October 9, 1968 signed an order to that effect. The statement of facts reflects that on October 25, 1968 the trial court stated that the plaintiff (appellee) had moved to reopen the hearing for some deposition testimony on a motion for rehearing and that the motion was granted over defendants' objection. After a few pages of deposition testimony had been introduced, the court signed this order:

## ORDER ON MOTION FOR REHEARING

"BE IT REMEMBERED that on the 25th day of October, 1968, on motion for rehearing, came on to be heard the Plea of Privilege of Defendants Phyllis M. Maddox and Roland J. Maddox in the above entitled and numbered cause and the Court having considered such plea, plaintiff's controverting plea to the defendants' plea of privilege, together with the evidence offered, and the argument of counsel, is of the opinion that said plea of privilege should be overruled.

"It is therefore ORDERED, ADJUDGED and DECREED that said plea of privilege be, and is hereby, overruled, and that order dated October 9, 1968—Sustaining said Plea of Privilege is in all things cancelled and held for naught.

"SIGNED and RENDERED this 25th day of October, 1968."

/s/ Madison Rayburn
JUDGE

Appellants' first point of error was that the trial court erred in setting aside over three months later its decision sustaining appellants' plea of privilege and then entering an order overruling said plea, because the trial court no longer had jurisdiction of said matter.

We overrule this point. On the authority of Ex parte Godeke, 163 Tex. 387, 355 S.W. 2d 701 (1962) and Noble v. Texacon Industries, Inc., 367 S.W.2d 872 (San Antonio, Tex.Civ.App., 1963, no writ), the trial court was authorized to set aside its order dated October 9, 1968 when it did so sixteen days later.

Appellants' second point of error states that the trial court erred in overruling appellants' plea of privilege because appellee failed to specifically plead Subdivisions 4 and 29a of Article 1995, Texas Revised

Civil Statutes, as the grounds relied upon to confer venue in Harris County, Texas.

The trial court made and filed a conclusion of law that the only basis for overruling appellants' plea of privilege was Subdivisions 4 and 29a of Art. 1995.

Appellee's controverting plea filed in response to appellants' plea of privilege consists of two assertions: first, it contains a denial of appellants' allegation that no exceptions to exclusive venue in the county of one's residence, provided by law, exist in this cause; second, it contains this paragraph:

"Your Plaintiff has hereinbefore filed his Original Petition on or about the 24th day of January, 1967, which petition in its entirety, is hereby adopted and incorporated herein, the same as if copied hereinafter in haec verba. All of the allegations of such petition show and aver and it is a fact that this is a suit based upon negligence on the part of the Defendants herein and that such negligence, either of commission or omission, or both, occurred in Harris County, the County in which this suit was filed and that such negligence on the part of the Defendants was a proximate cause of Plaintiff's injuries all within the meaning of Section 9-a of Article 1995, Revised Civil Statutes of the State of Texas."

The controverting plea then contains a prayer that the plea of privilege be overruled. The pleading is duly signed and verified.

Appellants state that appellee has failed to comply with the requirement of Rule 86, Texas Rules of Civil Procedure, that his controverting plea under oath shall set out specifically the grounds relied upon to confer venue of such cause on the court where the cause is pending.

■ Appellee replies that he need not specifically plead which particular subdivision of Article 1995 applies and that by incorporating his original petition by reference into his controverting plea he has pleaded sufficient facts to satisfy the requirements of Rule 86. Appellee's original petition contained an allegation that one of the defendants, John Lynn Neal, was a resident of Houston, Harris County, Texas, and that he could be located for service of process at 1121 Harrington, Houston, Harris County, Texas. As a result of appellee's incorporation of his petition into his controverting plea, his allegation in the petition that Neal was a resident of Harris County became an allegation in the controverting affidavit. Rule 58, Texas Rules of Civil Procedure; Teague Brick Sales Co. v. Dewey, 355 S.W.2d 249 (Amarillo, Tex. Civ.App., 1962, no writ); Cogdell v. Martin, 176 S.W.2d 982 (Fort Worth, Tex. Civ.App., 1943, no writ).

■ We must determine whether appellee is entitled to invoke Subdivision 4; Subdivision 29a applies only to suits brought in a county where no defendant resides, and it is concerned only with necessary parties. Atlas Roofing Co. v. Hall, 150 Tex. 611, 245 S.W.2d 477 (1952); 1 McDonald, Texas Civil Practice 432, Venue, § 4.10.1 (Rev.Ed.1965); Smith v. Garza, 432 S.W.2d 142 (Houston 1st, Tex.Civ.App., 1968, no writ).

■ The pertinent part of Subd. 4, Art. 1995, states that if two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides. The pleadings and proof offered by appellee showed that the three vehicles involved in the collision were heading in the same direction, and the other defendant, Neal, was operating his taxicab closely behind the automobile being operated by Mrs. Maddox when he struck it and knocked it into the vehicle in which appellee was seated.

■ We overrule appellants' second point. We conclude that the allegations in appellee's controverting plea as supplied by those in appellee's petition sufficiently state the grounds relied on to confer venue in

Harris County under Subd. 4. If the grounds are specifically set out in the controverting plea, and the proof sustains them, proper venue is shown where suit is filed even though the pleader may be in error as to which exception under the statute properly applies. Although good practice indicates that he should do so, it is not necessary that the plaintiff plead specifically which particular subdivision of the venue statute applies. Gugenheim v. Anheuser-Busch, 198 S.W.2d 950 (Austin, Tex.Civ.App., 1946, no writ); Templeton v. Woolverton, 168 S.W.2d 949 (Eastland, Tex.Civ.App., 1943, no writ); Flugrath v. Brickstone Products Corp., 411 S.W.2d 426 (Austin, Tex.Civ.App., 1967, no writ).

We also overrule appellants' third point of error. Rule 270, T.R.C.P., states that the trial court may permit additional evidence to be offered where it clearly appears to be necessary to the due administration of justice. Our examination of the record in this case does not reveal that the trial court abused its discretion in permitting appellee to reopen its case.

Appellee has filed a motion for permission to submit a supplemental transcript consisting of an affidavit made by the trial judge on February 6, 1969 and filed in the records of the trial court stating that at the conclusion of the July 15, 1968 hearing appellee's attorney asked for time to present additional information on that hearing; his request was orally granted, so the hearing was continued to October 25, 1968, and the request was considered to be a motion for rehearing.

In view of our having overruled appellants' points of error, it is not necessary for us to rule on appellee's motion to submit the supplemental transcript.

The order of the Trial Court is affirmed.