CORPORATION R, INC., Appellant,

v.

GARY GREENE CO., Appellee.

No. 575.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Jan. 26, 1972.

G. Frank Brown, Brown, Elliott, Vetter & Denton, Dallas, for appellant.

Jerry L. Bryan, II, Houston, for appellee.

BARRON, Justice.

This is a plea of privilege case. Plaintiff, Gary Greene Co. of Harris County, Texas, filed suit in the District Court of Harris County alleging that defendant, Corporation R, a private corporation with its principal place of business at Dallas, Texas, wrongfully breached and without just cause terminated a written contract between the parties, and that such termination and breach occurred on or about March 17, 1971. The proof shows that the written contract, dated January 2, 1971, and executed by both parties, provided that plaintiff become the exclusive agent for defendant with the right to sell all or portions of a subdivided tract of land situated in Harris County, Texas and fully described by an exhibit attached to said petition and in evidence. Corporation R was seeking as owner to develop said tract of land as a mobile or modular home park under the name of Redwood Estates. The contract provided that the builder agreed to pay the agent 3½% of the selling price of each home as compensation in the event of a sale or an exchange of said property by the agent or any other person; to make available a model home for the purpose of creating sales, and until such time as a model home was available, the builder agreed to provide a suitable *on-site* sales office. The contract provided for other mutual obligations not necessary to mention here. The contract in writing in part specifically provided:

"For and in consideration of the services of Gary Greene Co. Realtors, Inc., hereinafter called AGENTS, Corporation R, Inc., hereinafter called BUILDER, does employ said Agents as its exclusive Agents with exclusive right to sell all that certain real property situated in the William Hedge Survey, County of Harris, State of Texas and described as follows: As described in Title Guarantee Company Policy #TXO 2–22178 validated December 10, 1969. (See Exhibit "B".)

"This employment and authority shall be effective upon execution and shall continue for a period of one hundred and eighty (180) days from January 2, 1971."

Plaintiff's suit sought damages for failure of defendant to recognize and authorize plaintiff to act as the exclusive agent of defendant under the terms of the contract for the sale of land in Harris County, and to pay plaintiff a commission for the sale of certain property. Plaintiff further sought damages for the eventual or anticipated sale of various subdivided properties situated in Harris County; for breach of defendant's alleged agreement to name plaintiff in all advertising and publicity releases; and for breach of defendant's agreement not to employ directly or indirectly any member of plaintiff's sales staff working in Redwood Estates in Houston for a period of 24 months.

■ Defendant-appellant contends that this cause should be transferred to Dallas County, Texas, its domicile, because plaintiff did not prove venue in Harris County under subdivision 5 of art. 1995, Vernon's Ann.Civ.St. We do not pass upon the applicability of subdivision 5, but we decide this case upon the applicability of subdivision 23, art. 1995, Vernon's Ann.Civ.St. Although good practice would indicate that plaintiff should have done so, it is not necessary that plaintiff plead specifically in its controverting plea the particular subdivision applicable to this situation. Rule 86, Texas Rules of Civil Procedure; Maddox v. Schwartz, 439 S.W.2d 369 (Tex.Civ.App. —Houston (1st Dist.) 1969, no writ); Flugrath v. Brickstone Products Corp., 411 S. W.2d 426 (Tex.Civ.App.—Austin 1967, no writ). The applicability of subdivision 23 has been properly brought forward and briefed.

Venue is proper in the county of suit under subdivision 23 if such is the county in which defendant-appellant's principal office is situated, *or in the county in which the cause of action or part thereof arose*, or in the county in which plaintiff resided at the time the cause of action or part thereof arose, provided that defendant has an agent or representative therein. From the evidence presented plaintiff has controverted under the second alternative above. This requires plaintiff to allege and prove by a preponderance of the evidence that defendant-appellant is a corporation; that plaintiff-appellee has a cause of action against defendant; and that such cause of action or part thereof arose in Harris County where suit was filed. Grayson Enterp., Inc. v. Texas Key Broadcasters, Inc., 390 S.W. 2d 346 (Tex.Civ.App.—Eastland 1965, writ dism'd).

It was not necessary that plaintiff specifically prove that defendant was a corporation since this fact had not been denied pursuant to Rule 93, Tex.R.Civ.P.; Ladner v. Reliance Corp., 156 Tex. 158, 293 S.W.2d 758 (1956); Pitt Grill, Inc. v. Albert, 432 S.W.2d 160, 163–164 (Tex.Civ.App.—Dallas 1968, no writ). Defendant, in its brief, admitted its corporate status.

■ A cause of action for the breach of an obligation is composed of two elements: (1) the contract, which is the primary right of plaintiff, (2) the breach thereof, which is the act or omission on the part of defendant without which there could be no cause of action or the right to recovery. Stone Fort Nat. Bank of Nacogdoches v. Forbess, 126 Tex. 568, 91 S.W.2d 674 (1936); Taylor-Evans Seed Company v. Hart, 420 S.W.2d 138 (Tex.Civ.App.—Amarillo 1967, no writ). Plaintiff has alleged and by venue evidence sufficiently shown as his cause of action the contract and breach thereof. The contract between plaintiff and defendant is part of the record and defendant admits the existence of this written agreement. Mr. Ambrosino, Vice-President of plaintiff company, testified that a vice-president of defendant informed him that defendant was cancelling the agreement prior to expiration of the 180 day period. It was, in fact, thereafter terminated by letter from defendant's attorneys, such letter being admitted into evidence. Plaintiff's second controverting step is met—a cause of action has been shown to exist. The existence of the con-

**924**

tract and a breach of that contract are sufficiently shown. It is unnecessary to go further in proving the elements of the lawsuit entitling plaintiff to a recovery, which includes the elements of damages. Farmers' Seed & Gin Co. v. Brooks, 125 Tex. 234, 81 S.W.2d 675, 679 (Tex.Com. App.1935, opinion adopted).

■ Upon the showing of such a cause of action, all that is left to sustain venue in Harris County is the showing that some part of the transaction creating the primary right occurred in said County. The transaction creating the primary right was the execution of the contract in Harris County. Upon the establishment of a cause of action, proof of this fact is all that is necessary to sustain proper venue under the second alternative of exception 23. Farmers' Seed & Gin Co. v. Brooks, supra; Pitt Grill, Inc. v. Albert, 432 S.W.2d 160 (Tex.Civ.App.— Dallas 1968, no writ); National Furniture Mfg. Co. v. Center Plywood Co., 405 S.W. 2d 115 (Tex.Civ.App.—Tyler 1966, writ dism'd). A private corporation which has breached a contract is suable in the county where the contract was made. Lone Star Gas Co. v. Coastal States Gas Producing Co., 388 S.W.2d 251, 254 (Tex.Civ.App.— Corpus Christi 1965, no writ); Sani-Serv Freezer Sales, Inc. v. Coker, 441 S.W.2d 649 (Tex.Civ.App.—Tyler 1969, no writ).

There is sufficient testimony showing Harris County as the place of contract execution. Defendant has admitted the existence of the written agreement and two witnesses testified that they were present when the agreement was executed by the parties in Harris County.

Plaintiff has proven by a preponderance of the evidence that it does have a cause of action against defendant and that at least a part of that cause of action, i. e., the making of the contract or agreement did arise in Harris County. At the hearing on defendant's plea of privilege defendant called no witnesses and elicited no testimony. The judgment of the trial court overruling defendant's plea of privilege is affirmed.