**MOBILE COUNTY MUTUAL INSURANCE COMPANY, Appellant,**

v.

**Ronald R. ROMACK, Appellee.**

**No. 639.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

June 7, 1972.

Rehearing Denied June 28, 1972.

James R. Roos, Painter & Painter, Houston, for appellant.

Ronald R. Romack, Houston, for appellee.

BARRON, Justice.

This is a venue suit. The plaintiff, Ronald R. Romack, filed suit against Mobile County Mutual Insurance Company, alleged to be an insurance corporation. While the pleadings are general in nature, with a copy of the alleged contract of insurance attached as an exhibit, they are sufficient to state a cause of action. Plaintiff alleged generally that he had purchased a policy of insurance from defendant, and had paid for same, he identified

the policy by number, and alleged further that his car was stolen, that proper proofs and notices were given and demands made of the insurance company for payment under the policy, and that the defendant had refused to pay the claim. Defendant filed a plea of privilege to be sued in Dallas County, Texas, its alleged county of domicile. No special matters were there pleaded or denied. The plea was duly and timely controverted. The trial court on a hearing entered its order overruling defendant's plea of privilege. The defendant insurance company has appealed.

The statement of facts, excluding formal portions and certificates, consists of three pages. The trial court stated that he was calling the case of Romack v. Mobile County Mutual Insurance Company. Counsel for both parties, plaintiff and defendant, announced ready in open court. Only the plaintiff, Romack, testified. He testified that his action was to recover money from "an insurance policy" for theft of his automobile; that he purchased the automobile in Harris County; that he purchased the policy of insurance in Harris County and paid the premiums in Houston; that the theft of his vehicle occurred in Harris County; that he dealt with various agents who represented the defendant and made his claims in Harris County; and that the insurance agency from whom he obtained the policy and to whom he paid the premiums was John Pirkle Insurance Agency of Houston, Harris County, Texas. The plaintiff testified that at all material times he was a resident of Harris County, Texas. The policy of insurance was not introduced into evidence, and the name of the defendant was never shown in the record with the exception of the court's announcement of the style of the case to be heard as mentioned above. The defendant was referred to as "the defendant" throughout the hearing. The plea of privilege, however, identified "the defendant".

Defendant-appellant has brought forward five points of error each dealing with various subdivisions of Tex.Rev.Civ.Stat. Ann. art. 1995 (1955) which might be applicable, such as Subdivisions 5, 23, 27, 28 and one point of error stating that no exception applied to any phase of Art. 1995.

■ The venue facts necessary under Subdivision 23, Art. 1995 are (1) that appellant is a corporation; (2) that appellee has a cause of action against appellant and has proved it; (3) that said cause of action, or a part thereof, arose in Harris County, Texas. See Appell Petroleum Corp. v. G. W. Townsend Lease Serv., 375 S.W.2d 547, 548 (Tex.Civ.App.—Corpus Christi 1964), no writ); Corporation R, Inc. v. Gary Greene Co., 476 S.W.2d 921, 923 (Tex.Civ.App.—Houston (14th Dist.) 1972, no writ).

■ Appellee, having alleged that appellant was a corporation, was not required to make specific proof of that venue fact by reason of appellant's admission of such fact in its plea of privilege, and its failure to make proper denial of appellee's allegation. See Rules 52 and 93(g), Tex.R.Civ. P.; Ladner v. Reliance Corp., 156 Tex. 158, 293 S.W.2d 758 (1956); Corporation R., Inc., supra, 476 S.W.2d p. 923.

■ However, the policy of insurance was never introduced into evidence, and we have no way of knowing the terms of the policy referred to or its proper application. Stonewall Insurance Company v. Donald, 475 S.W.2d 876, 879 (Tex.Civ. App.—Fort Worth 1972, no writ indicated). We believe that appellant in its brief has intended to and has argued and urged the point that the policy of insurance was not in evidence, and therefore that proper proof of a cause of action is lacking under subdivision 23 and that there is no writing shown under subdivision 5. See Thompson v. Republic Acceptance Corporation, 388 S.W.2d 404 (Tex.Sup.1965); Hardware Dealers' Mutual Fire Ins. Co. v. King, 426 S.W.2d 215, 221 (Tex.Sup.1968), citing Fambrough v. Wagley, 140 Tex. 577, 169 S.W.2d 478, 482 (1943).

■ The evidence indicates that the appellant is a Texas corporation and consequently subdivision 27 is inapplicable.

There is no evidence in the record that this appellant is a fire, marine or inland insurance company under subdivision 28. On the contrary, the only indication is that the vehicle was insured against theft. See Casares v. Pioneer Casualty Company, 366 S.W.2d 652, 654 (Tex.Civ.App.—Amarillo 1963, no writ).

■ We believe it is clear that the judgment below is erroneous and that appellee's case has not been fully developed. In view of indicated and available proof not introduced into evidence, this case is reversed and remanded to the trial court for a new trial. Such was not necessarily so in Renfroe v. Ramsey, 477 S.W.2d 648 (Tex.Civ.App.—Houston (14th Dist.) 1972, no writ).