DAIRYLAND COUNTY MUTUAL INSURANCE COMPANY OF TEXAS, Appellant,

v.

Jerry V. MORALES, Appellee.

No. 16632.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Feb. 12, 1976.

Ramsey & Murray, John A. Murray, Jr., Houston, for appellant.

M. Jack Tabor, Houston, for appellee.

COLEMAN, Chief Justice.

This is an appeal from an order denying a plea of privilege. The judgment is reversed.

Plaintiff, Jerry V. Morales, brought suit in Harris County against the defendant, Dairyland County Mutual Insurance Company of Texas, to enforce the provisions of an alleged insurance policy. He alleges that his automobile suffered damage in a collision, and that the insurance company refused to comply with the terms of its contract.

The insurance company filed its plea of privilege alleging that the cause should be removed to Travis County, the county of its residence. The plaintiff filed a controverting affidavit, and contends that venue is proper in Harris County under exceptions to Article 1995, V.A.C.S., Subdivisions 5, 23 and 28.

Mr. Morales was the only witness to testify at the hearing. He testified that in 1972 he purchased automobile insurance at the same time he purchased the 1972 Toyota automobile. The insurance was purchased through the Howard Insurance Agency in Baytown, and he received an insurance policy from Dairyland County Mutual Insurance Company of Texas covering the car. Both the insurance and the automobile were purchased in Harris County, and the car was garaged in Harris County. The automobile was involved in a collision in Houston, Harris County, Texas, and suffered damage. Mr. Morales was and is living in Harris County. The insurance policy was never tendered and received in evidence.

■ By filing a plea of privilege, a defendant establishes a prima facie case to have a suit removed to the county of his residence. To retain venue in a county other than the county of the residence of the defendant, the plaintiff must plead and prove that the case falls within one of the exceptions to V.A.C.S., Article 1995, providing for venue in the county of one's residence. *Collins v. F. M. Equipment Co.,* 162 Tex. 423, 347 S.W.2d 575 (1961).

■ In order to come within the exception to exclusive venue in the county of one's residence provided by Subdivision 5,

Article 1995, supra, the plaintiff must prove that the defendant contracted in writing to perform an obligation in the county of suit, and that the writing expressly named such county, or a definite place therein. The insurance policy in question is not in evidence, and there is no other evidence that the defendant agreed in writing to perform an obligation in Harris County or a definite place therein. There is no evidence that this suit falls within the provisions of Subdiv. 5. *Thompson v. Republic Acceptance Corp.* 388 S.W.2d 404 (Tex.1965).

Subdivision 23 of Article 1995, supra, provides that suits against private corporations, associations, or joint stock companies may be brought in the county in which the cause of action or part thereof arose; or in the county in which the plaintiff resided at the time the cause of action or part thereof arose, provided such corporation, association or company has an agency or representative in such county.

■ In order to sustain venue in Harris County by reason of the exception found in Subdivision 23, Article 1995, supra, it was necessary that Mr. Morales not only plead but also prove facts showing a cause of action in his favor and against the insurance company. *Employers Casualty Co. v. Clark,* 491 S.W.2d 661 (Tex.1973). Since the plaintiff failed to prove the terms of his policy of insurance, he failed to prove such a cause of action. *Mobile County Mutual Ins. Co. v. Romack,* 481 S.W.2d 916 (Tex. Civ.App.—Houston [14th], 1972, no writ history).

Exception 28 to the venue statute reads:

" . . . Suits against fire, marine or inland insurance companies may also be commenced in any county in which the insured property was situated. Suits on policies may be brought against any life insurance company, or accident insurance company, or life and accident, or health and accident, or life, health and accident insurance company in the county where the home office of such company is locat-

ed, or in the county were loss has occurred or where the policyholder or beneficiary instituting such suit resides."

To sustain venue under this subdivision the plaintiff had the burden of pleading and proving that the defendant was one of the types of insurance companies referred to in Subdiv. 28. *Employers National Ins. Co. v. Harkness*, 497 S.W.2d 645 (Tex.Civ.App.—El Paso, 1973, writ ref'd n. r. e., Tex., 502 S.W.2d 670). There is no evidence in the record to show that the defendant was an insurance company such as is referred to in Subdivision 28.

The trial court erred in denying the plea of privilege. The judgment is reversed for lack of evidence in support thereof. It clearly appears that the case has not been fully developed. Under these circumstances it is the duty of this court to remand the case to the trial court. *Jackson v. Hall,* 147 Tex. 245, 214 S.W.2d 458 (1948).

Reversed and remanded.