Dr. B. A. EL AFIFI, Appellant,

v.

LILLY SALES, INC., Appellee.

No. 1121.

Court of Civil Appeals of Texas,
Tyler.

Feb. 23, 1978.

James N. Phenix, Phenix, Freeman & Cole, Henderson, for appellant.

Robert D. Bruce, Mineola, for appellee.

McKAY, Justice.

This is a summary judgment case which also involves a plea of privilege. Lilly Sales, Inc., appellee, brought suit in Wood County against Hawkins Nursing Home, Inc. and appellant, Dr. B. A. El Afifi, on a sworn account. Appellant El Afifi filed a plea of privilege alleging that he was a resident of Gregg County. Appellee then filed its controverting affidavit alleging that venue was proper in Wood County by virtue of subsections 4, 5 and 29a of Art. 1995, V.A.C.S. Appellant then filed an answer, subject to his plea of privilege denying under oath the account in whole or in part. Appellee then filed its first amended petition and attached to it its ledger sheet, invoices and sales slips which itemized the merchandise sold to Hawkins Nursing Home during the period involved in this suit. Hawkins Nursing Home, Inc. answered by general denial but it is not before us on appeal.

Appellee then filed a motion for summary judgment based upon its sworn pleadings and the attached affidavit of Opal B. King stating that she was the secretary-treasurer and bookkeeper of appellee, was familiar with the exhibits attached to appellee's first amended petition, and that she had personal knowledge that these records are true and correct, and after all just payments, offsets and credits have been allowed the amount owing the appellee was $530.32. Larry P. King made an affidavit that $176.87 was a reasonable attorneys' fee for appellee's counsel.

Also found in the record is an affidavit by Marie Hartsfield, president of Hawkins Nursing Home, Inc., in which she states that the nursing home owed appellee only $80.57 on May 19, 1976, and on that date tendered its check for that amount in full payment and then owed appellee nothing.

The trial court set both the plea of privilege and the summary judgment motion for hearing on the same day at the same hour. The plea of privilege was heard first, but the statement of facts reveals that the only proceeding had on the venue hearing was the arguments of the attorneys. There was no evidence, either oral or documentary, introduced before the court. The court then overruled appellant's plea of privilege, and proceeded to hear the motion for summary judgment. After examining the record and hearing argument by counsel the trial court granted the motion and rendered

judgment for appellee for $450.05 plus attorney's fee of $140.01, against appellant, and for $80.57 plus attorney's fees of $26.86 against Hawkins Nursing Home, Inc. Only Dr. B. A. El Afifi, appellant, brings this appeal.

The trial court's order overruling appellant's plea of privilege and his money judgment against appellant and the nursing home are contained in one instrument denominated "judgment."

By his first point appellant contends that appellee failed to plead and prove under subdivision 4[1] that (1) Hawkins Nursing Home, Inc. was a resident of Wood County; that (2) appellee, Lilly Sales, Inc. had a bona fide claim against Hawkins Nursing Home, Inc.; and that (3) appellant is a proper party to such suit against the resident defendant. We agree with appellant's contention.

Under subdivision 4 of Art. 1995, where two or more defendants reside in different counties, in order to maintain venue in the county where one of the defendants reside the plaintiff (1) must allege and prove that resident defendant in fact resides in the county where suit is brought; (2) must introduce evidence at the venue hearing sufficient to establish a cause of action alleged against the resident defendant; and (3) must allege a joint cause of action against resident and nonresident defendant, or a cause of action against resident defendant so intimately connected with cause of action against nonresident defendant that the two may be joined to avoid multiplicity of suits. *Stockyards National Bank v. Maples,* 127 Tex. 633, 95 S.W.2d 1300 (Tex.Comm.App. 1936, opinion adopted); *Allen v. Alison Mortgage Investment Trust,* 548 S.W.2d 783, 788 (Tex.Civ.App.—San Antonio 1977, no writ); *Key v. Davis,* 554 S.W.2d 60, 64 (Tex.Civ.App.—Amarillo 1977, no writ); *Helland v. Western Construction Co.,* 516 S.W.2d 437, 438 (Tex.Civ.App.—San Antonio 1974, no writ); *Houston Sash & Door Co., Inc. v. Davidson,* 509 S.W.2d 690 (Tex. Civ.App.—Beaumont 1974, writ ref'd n. r. e.); McDonald Texas Civil Practice, Sec. 4.10.2, p. 434 et seq.

■ Thus it is evident that for a plaintiff to maintain venue under subdivision 4 *he must prove at the venue hearing:* (1) at least one defendant resides in the county of suit; (2) plaintiff has a bona fide cause of action against the resident defendant; and (3) the party asserting the privilege is at least a proper party to the suit against the resident defendant. The record here is without any evidence that the alleged resident defendant was in fact a resident defendant, or that appellee had a bona fide cause of action against such resident defendant. Appellee offered no evidence at the venue hearing, and therefore appellee cannot sustain venue under subdivision 4.

■ Appellee cites *Crown Sash & Door, Inc. v. Steves Sash & Door Co., Inc.,* 511 S.W.2d 603, 605 (Tex.Civ.App.—San Antonio 1974, no writ), as authority that where there is no sworn denial filed to a suit on a sworn account it is not necessary for the plaintiff to prove his sworn account. That case is not in point here because appellant filed a sworn denial which put in issue the allegations of appellee's sworn account even though the alleged resident defendant filed only a general denial. Appellant's point one is sustained.

■ Appellant next maintains that appellee failed to plead and prove venue facts to sustain venue in Wood County under subdivision 5,[2] Art. 1995, V.A.C.S., in that there is no proof appellant entered into a

---

1. Subdivision 4, Art. 1995: "Defendants in different counties.—If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides. The transfer or assignment of a note or chose in action shall not entitle any subsequent holder to sue thereon in any other county than that in which such suit could have been prosecuted if no assignment or transfer had been made."

2. Subdivision 5, Art. 1995: "Contract in writing.—If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile.

written contract providing for performance in Wood County. We agree with appellant's contention. As previously noted appellee introduced no evidence of any kind at the venue hearing; therefore, there was no proof that appellant contracted in writing to perform an obligation in Wood County or a definite place therein by such writing. Appellee had the burden of proof, under subdivision 5, and was required to put the written contract into evidence and to make proof that appellant was obligated to perform same in Wood County. This he did not do. Writing relied upon for venue purposes must be proved. *Thompson v. Republic Acceptance Corp.,* 388 S.W.2d 404, 405 (Tex.1965); *Dairyland County Mutual Insurance Company of Texas v. Morales,* 534 S.W.2d 383, 385 (Tex.Civ.App.—Houston [1st Dist.] 1976, no writ).

■ It is further claimed by appellant that appellee failed to prove facts under subdivision 23.[3] The venue facts necessary under subdivision 23 are (1) that appellant is a corporation; (2) that appellee had a cause of action against appellant and has proved it; and (3) that the cause of action or a part thereof arose in Wood County, Texas. *Mobile County Mutual Insurance Company. v. Romack,* 481 S.W.2d 916, 918 (Tex.Civ.App.—Houston [14th Dist.] 1972, no writ). Appellee did not plead or prove appellant was a corporation, nor was there proof of a cause of action against appellant or, if so, that it arose in Wood County. Venue could not be sustained under subdivision 23.

■ Appellant also contends that venue may not be maintained in Wood County against him under subdivision 29a[4] because appellee failed to prove venue facts under that subsection. 29a authorizes a plaintiff who sues two or more defendants on a cause of action in a county where venue is proper as to one defendant under some exception to Art. 1995 to maintain venue therein against all necessary parties to such suit. Before subdivision 29a can apply "four conditions must exist: the action must be against two or more defendants; all of them must reside outside the county of suit; venue must be proper as against at least one of the defendants under some exception to the general venue rule; and the defendant urging his privilege must be a necessary party to the claim against the defendant as to whom venue is proper." McDonald, Texas Civil Practice, Sec. 4.36, p. 544.

■ Although appellee alleges the residence of Hawkins Nursing Home, Inc. to be in Wood County, there is no proof in the record of such residence. Neither is there proof that appellee is a necessary party. Under the record here suit may not be maintained against appellant in Wood County under subdivision 29a.

Appellant brings two additional points asserting that the trial court erred (1) "in considering Plaintiff's First Amended Original Petition because no effort was made to file Amended Controverting Affidavit adopting such amended petition," and (2) "in granting a summary judgment because the controverting affidavit of" appellant "raised a material issue of fact as to his liability for the debt and attorney's fees." While we are of the opinion that these points are meritorious we see no necessity to discuss them. Had we reached these points, we would have sustained them.

■ Appellee apparently proceeded under the mistaken belief that so long as his sworn pleadings and controverting affidavit were on file with the clerk, and upon venue hearing or summary judgment hearing,

---

**3.** Subdivision 23, Art. 1995: "Corporations and associations.—Suits against a private corporation, association, or joint stock company may be brought in the county in which its principal office is situated; or in the county in which the cause of action or part thereof arose . . ."

**4.** Subdivision 29a, Art. 1995: "Two or more defendants.—Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto."

such pleadings and affidavit were presented to the court they would then constitute proof against all parties defendant both on the venue question and on the summary judgment motion without having to offer evidence into the record.

In our opinion the trial court erred in failing to grant appellant's plea of privilege to be sued in Gregg County because appellee failed to establish venue in Wood County under any subdivision of Art. 1995. Since appellant was entitled to have his case transferred to Gregg County the trial court did not have authority to render summary judgment against him in the Wood County suit.

Accordingly, the summary judgment rendered against appellant is reversed, and the order overruling appellant's plea of privilege is reversed, and the cause against appellant is ordered transferred to the County Court of Gregg County, Texas.