**GLADNEY v. GLADNEY.** (No. 3776.)

Court of Civil Appeals of Texas. Texarkana. Dec. 19, 1929.

Sarah T. Hughes, of Dallas, and Woolworth & Baker, of Carthage, for appellant.

Long & Long, of Carthage, for appellee.

WILLSON, C. J. (after stating the case as above). Appellant insists that to entitle appellee to maintain his suit against her in the district court of Panola county it must have appeared that he had resided in that county for six months next preceding the filing of his petition. She insists, further, that it did not so appear, and that the court below therefore erred when he rendered judgment in appellee's favor.

Undoubtedly the law is as appellant states it to be (article 4631, R. S. 1925; Dickinson v. Dickinson (Tex. Civ. App.) 138 S. W. 205; Lawler v. Lawler (Tex. Civ. App.) 15 S.W.(2d) 684), and careful consideration of the evidence has convinced us that it ought not to be held sufficient to show appellee to have so resided in Panola county.

As shown in the statement above, appellee's amended petition on which the trial was had was filed in the district court of Panola county April 26, 1929. It appeared from the allegations in a petition in a suit he commenced against appellant for a divorce in the district court of El Paso county October 23, 1928, that he then and "for at least six months" next before that time had resided in said El Paso county. When he began to reside in Panola county was not shown otherwise than by the witness Whitfield, who, testifying at the trial had April 26, 1929, said he thought appellee came back to Panola county from El Paso county "the latter part of last summer." Of course, if appellee did that, and then became a resident of Panola county, and continued to reside there until said April 26, 1929, when he filed said amended petition, he was entitled to maintain the suit; but that he did that was directly contradicted by the allegations referred to in the petition for a divorce he filed in El Paso county, and indirectly by the fact that he did not testify as a witness, either in person or by deposition, and by the fact that neither his father, with whom he lived after he came back to Panola county, nor his sister, who lived in that county, both of whom testified on his behalf at the trial, undertook to say when he became a resident of Panola county. The burden was on appellee to prove he had actually resided in Panola county during the six months next preceding

the time when he filed his said amended petition, and we think he failed to discharge it.

Appellee's father testified that appellee always considered his (the witness') house his (appellee's) home; and appellee's view seems to have been that the fact that he claimed his father's house in Panola county as his home entitled him to maintain the suit in that county. That it did not, and that the burden was on him to prove that he actually resided in that county for the time specified is shown by the cases cited above.

Having reached the conclusion that it did not appear from the evidence that appellee was entitled to maintain his suit in Panola county, it is not necessary that we should undertake to determine whether appellant's contention that the evidence was not sufficient to support a finding that appellee was entitled to a divorce on the ground set up in his petition should be sustained or not; but we will say that we have read and considered the evidence in the statement of facts, and think, if we were called upon to determine the question, we would have to hold the evidence was insufficient.

The judgment will be reversed; and it appearing from a certificate of the registrar of vital statistics (Section 21, Act June 9, 1927, General & Special Laws, p. 128) filed here that appellee died after the appeal was perfected, the cause will be remanded to the court below, with instructions to dismiss it. Ledbetter v. Ledbetter (Tex. Civ. App.) 229 S. W. 576.