EX PARTE RICHARD H. GODEKE

No. A-8808.  Delivered March 21, 1962
Rehearing Denied April 18, 1962
355 S.W. 2d 701

388

*Camp & Camp,* Cameron, *Fischer, Wood, Burney & Nesbitt,* Corpus Christi (*James R. Harris,* Corpus Christi, with above firm), for relator.

*Jack W. Prescott,* Cameron, for respondent.

ASSOCIATE JUSTICE NORVELL delivered the opinion of the Court.

The District Court of Milam County found Richard H. Godeke

guilty of contempt of court because he failed to return his minor son, Robert Frederick Godeke, to the child's mother, Marjorie B. Hoppe (Richard H. Godeke's divorced wife) as directed by an order of said court.

It appears without dispute that the relator took his son from the custody of the mother under a provision of the Milam County District Court's order which permitted the child to visit his father for seven days during the Christmas season. While the child was with his father in Nueces County, the relator filed suit on December 29, 1961, in the Domestic Relations Court of Nueces County in which he sought a decree granting him "the full and absolute custody and control of said minor child". The petition was presented to the Judge of the Domestic Relations Court on the day it was filed, and the Judge thereof, without giving notice to the mother of the child and without the hearing of evidence decreed "that the temporary care and custody of said minor, Robert Frederick Godeke, be vested in said Petitioner (the relator here) until and pending the hearing of this cause or until further Order of this Court." This order recited that it appeared from the allegations of the petition that absent such action, the minor "may be removed from the continental limits of the United States".

In his petition for writ of habeas corpus the relator set up the decree of the Nueces County Domestic Relations Court as a defense to the contempt charge and upon preliminary consideration of the case we granted habeas corpus and admitted relator to bail.

Carl C. Black, the Sheriff of Milam County, who occupies the position of respondent here, contends that the decree of Nueces County Domestic Relations Court upon which relator relies is void for two reasons: First, the Milam County District Court case in which the decree disobeyed or ignored by relator was issued, was a *pending case* at the time the domestic relations court undertook to assume jurisdiction, and, Second, that the action of the domestic relations court in entering the order without notice, without hearing evidence and without setting a specific time for a hearing of evidence, constituted an abuse of discretion and was so arbitrary as to be wholly void[1] under the due process clauses of the state and federal constitutions.

---

1. It was orally argued that in cases of this character when, because of emergency conditions, a temporary custody is required some such procedure as that provided by Rule 680, Texas Rules of Civil Procedure, relating to temporary restraining orders, should be followed; that is, a hearing should be set

In our opinion the decree of the Domestic Relations Court of Nueces County was void because it was in conflict with a prior decree of the Milam County District Court in a case which was then *pending* in said district court at the time of the entry of the Nueces County decree. This requires that relator be remanded to the custody of the Sheriff of Milam County and we do not reach the constitutional question.

There is dispute between the parties as to the date of the rendition of the Milam County decree. Relator contends that such date is October 30, 1961, while the respondent asserts that the date of signing in the order, that is, December 21, 1961, is to be taken as the true date of the rendition of judgment. Were this a factual dispute, this Court would be without power to decide it as we have jurisdiction of questions of law only. Article 5, Sec. 3, Texas Constitution. However, the issue presented is one of law involving the construction of the decree according to the language contained therein and in accordance with the pertinent provisions of the Texas Rules of Civil Procedure.

The Milam County order is quite lengthy for a decree of this nature and contains numerous detailed provisions as to the custodial rights of Marjorie B. Hoppe and the visitorial rights of the relator, Richard H. Godeke. The decree occupies five pages of an exhibit in the form of a transcript filed in this cause. The decree came about in this wise: Richard H. Godeke invoked the jurisdiction of the District Court of Milam County on October 26, 1961, in order to procure a temporary restraining order preventing the mother, Marjorie B. Hoppe, from taking the child, Robert Frederick Godeke, out of the State of Texas. It appears from this application that the Milam County District Court had entered a custodial order relating to the child on July 7, 1961. The injunction application, if granted, would have effected a modification of this order which was one of a long series of such decrees resulting from legal controversies between Richard H. Godeke and his former wife, the present Mrs. Hoppe, extending from January 25, 1954, when the parties were divorced by a decree of the District Court of Bexar County, Texas,

as soon as practicable for a day certain and both sides be given an opportunity to be heard. It is urged that the entry of an ex parte order without hearing evidence until final disposition of the cause is a wholly arbitrary action and void. It has been held that a parent's right to the custody of a child is afforded protection by the due process clauses of Article 1, Sec. 19 and the Texas Constitution and the fifth amendment to the federal constitution, unless such right has been forfeited by abandonment or other misconduct. DeWitt v. Brooks, 143 Texas 122, 182 S.W. 2d 687, reversing Brooks v. DeWitt, Texas Civ. App., 178 S.W. 2d 718.

up to the present time. Legal proceedings have been filed in at least four counties of Texas, Bexar, Travis, Milam and now Nueces.

The Milam County decree contains two dates, October 30 and December 21 in that it was therein recited that, "[O]n this the 30 day of October A.D. 1961, came on to be heard the above styled and numbered cause * * *" and that such decree was "Signed and entered this 21st day of December, 1961." This latter recitation appears at the bottom of the decree and immediately above the judge's signature thereon.

The District Judge evidently followed the recommendations of Rule 306a in reciting the date of the rendition of judgment and we think this recited date of signing is controlling.

It is conceded by relator that if "the Milam County District Court proceeding was still a pending case at the time the Nueces County Domestic Relations Court undertook jurisdiction * * * the Milam County Judgment imprisoning Relator in the Milam County Jail is valid." This necessarily must be true. The Milam County decree allowed the relator to have the child during the Christmas holidays, but ordered him to return the child to the mother at the end of the holiday period. The Nueces County order purports to vest custody of the child in the father until further orders of the court, thus permitting him to ignore the Milam County decree. The Nueces County order, if issued at a time when there was a pending case in Milam County involving the same subject matter, would be void and would afford no protection to relator for his refusal to abide by the Milam County order. Ex parte Lillard, 159 Texas 18, 314 S.W. 2d 800. Cleveland v. Ward, 116 Texas 1, 285 S.W. 1063.

The controlling and all important question in this case is whether or not on December 29, 1961, the date of the Nueces decree, the Milam County cause was a "pending case". Under the provisions of our Rules of Civil Procedure this question must be answered in the affirmative. Rules 306-a and 329-b must be considered together. Rule 306-a provides that "the date of signing" (December 21 in this case), as recited in the judgment or order, shall be deemed the date of rendition thereof in determining the time within which to file a motion for new trial, notice of appeal, etc. Rule 329-b, Sec. 5 provides that, "after the expiration of thirty (30) days from the date judgment is rendered or motion for new trial overruled, the judgment cannot be set

aside except by bill of review for sufficient cause filed within the time allowed by law."

■ If October 30 were taken as the date of rendition of judgment, the same would become impervious to direct attack except by bill of review on November 29, thirty days after such date of rendition. However, under Rule 306-a, taken in connection with Rule 329-b, the Court would be clearly authorized to set aside the judgment upon motion for new trial or upon its own motion any time within 30 days after judgment was rendered. Rule 329-b, Sec. 5. Our Rules of Civil Procedure must be construed so as to produce harmony rather than discord. It would be self contradictory to say that the judgment could *only* be attacked by bill of review from and after November 29, but that within thirty days after December 21, the judgment could be set aside on the court's own motion—or by action upon a motion for a new trial. The question here is one of pendency. A cause still pends in a trial court so long as a judgment rendered therein remains subject to attack by motion for new trial or subject to judicial vacation or modification by such court under the terms and provisions of Rule 329-b.

The relator is remanded to the custody of the Sheriff of Milam County.

Opinion delivered March 21, 1962.