**Juanita DUNN, Appellant,**

v.

**Foster C. DUNN, Deceased, Appellee.**

**No. 359.**

Court of Civil Appeals of Texas.

Tyler.

June 6, 1968.

Rehearing Denied July 18, 1968.

William H. Crenshaw, Jr., Lubbock, for appellant.

Brown & Gauss, Sam Brown and Bob Gauss, Lubbock, for appellee.

SELLERS, Justice.

This suit was brought in the District Court of Lubbock County by Juanita Dunn seeking a divorce from her husband, Foster C. Dunn, on January 19, 1967. The defendant, Foster C. Dunn, filed a cross-action for divorce, and the case was set for a hearing on May 24, 1967. All of the property of the

parties was community property, and consisted of both real and personal property. The trial was had before the Court without a jury and after a full hearing, the Court announced the following judgment from the bench:

"No. 1: Mrs. Dunn shall have a homestead right in the property for a period of time from now until not later than January 1st, 1968. If there has not been a voluntary, in other words, fee title to the property, be half and half in both of them, tenants in common, subject to her homestead right, including all the income off of it until January 1st, 1968. At any time in the interim the parties certainly can sell the property if they can work it out between themselves to sell it, and, of course, as to the proceeds from the real estate, which includes, I am including all of that block of real estate, will be divided equally, the proceeds, after expenses of sale. Going with that sale, if there be one, would be the furniture in the little house, that is part of the deal. In other words, I am giving her the furniture in the big house outright. If by January 1st, 1968, some disposition has not been made of it between the parties, I shall appoint a receiver to dispose of the property, that real estate, and after the expenses of receivership are over with, then we will divide the proceeds of that real estate fifty fifty.

"Each party will pay their own attorneys' fee. Costs will be borne by Mr. Dunn, costs of suit, not considering attorney's fees, costs of suit by Mr. Dunn."

The Court made no memorandum on his docket sheet of the above ruling and no record of the judgment was entered at the time. The above quotation was from the notes of the Court Reporter who took down what the Court had to say.

On May 26, 1967, the defendant, Foster C. Dunn, died. The parties to this suit had no children. At the time of Foster C. Dunn's death, there had been no entry of the judgment carrying out the above announced judgment of the Court.

On June 20, 1967, a death certificate was filed with the Court and the Court set a hearing for June 21, 1967 for both attorneys to appear and argue the proper judgment to be entered, the appellant having before the Court a motion to dismiss the case because the question of divorce was moot since the defendant was dead or, in the alternative, that the appellant be permitted to take a non-suit. The Court on this date (June 21, 1967), after hearing argument of both lawyers, stated that he would enter as a judgment in the record of the Court the judgment prepared by the appellee's attorney which carried out the announced judgment of May 24, 1967. From the entry of this judgment on June 21, 1967, the appellant has duly prosecuted this appeal.

Appellant's first assignment of error is as follows:

"The Trial Court erred in overruling Appellant's Motion to Dismiss and/or Motion for Nonsuit and ordering the entry of the proposed Written Judgment because the divorce suit abated on the death of the Appellee, Foster C. Dunn, prior or before the entry of the Written Judgment and the proper action for the Trial Court to have taken was to dismiss said suit."

■ We are of the opinion this assignment must be sustained. It must be held that there was no judgment at the time of Foster C. Dunn's death over which the trial court had lost jurisdiction. When Foster C. Dunn died, the issue of divorce ended. It then and there became a moot question for litigation and there being no defendant in the case after Foster C. Dunn's death, the plaintiff who had prevailed in the trial was within her rights in asking the Court to dismiss the case. Gladney v. Gladney, Tex.Civ.App., 24 S.W.2d 96. The Court, in the Gladney case, followed the rule announced in Ledbetter v. Ledbetter, Tex.Civ.App., 229 S.W. 576. The Ledbetter

case is very much like the case under consideration in that the wife recovered judgment for divorce and the judgment declared the property to be community property and gave the wife the homestead during the appeal of the case. From this judgment, the defendant prosecuted appeal and died while the appeal was pending. We quote from this opinion:

"Since the submission of the cause to this court, appellant, J. P. Ledbetter, has died. Appellee makes a suggestion of death, and has filed a motion, requesting the court to reverse the cause and order it dismissed from the docket of the district court. The ground of the motion is that the questions presented by the appeal have now become moot, and it is no longer necessary nor proper for this court to determine the issues involved in the appeal. It is urged that the property rights are merely incidental to the issues presented by the pleas for divorce, and, the main case having failed, the entire subject-matter of the suit has ceased to exist.

"We are of the opinion that the motion is well taken, and should be granted. The death of the appellant, J. P. Ledbetter, makes it unnecessary for this court to determine the issues of divorce. Under the statute, article 4634, the power of the court to determine property rights is dependent upon the granting of divorce to one of the parties. See, also, Burns v. Burns, 59 Tex.Civ.App. 549, 126 S.W. 333. If we should reverse and remand the case, as requested by appellant's counsel, the trial court would be without power to either enter a decree for divorce or to adjudicate the property rights, under the case made by the pleadings. The appellee, who obtained the judgment for divorce and establishing rights in the property, asks that the case be reversed and dismissed from the docket. In this situation, we think to now determine the issues of the appeal would be to decide abstract and moot questions, which can lead to no practical relief. * * *"

It is evident that the abatement of the case will leave the appellant as the widow of Foster C. Dunn and entitled to inherit as such. This, however, is no reason for denying her right to abatement of the case. The rule is stated in 148 A.L.R. 1124 as follows:

"* * * 'It may be stated as a general proposition, therefore, that while property rights, as such, involved in a divorce action, may prevent the abatement of the action upon the death of one of the spouses, the fact that the surviving spouse will, if the action is abated, be enabled to share in the estate of the other as the widow or the widower is, according to the weight of authority, no reason against its abatement.' "

The judgment of the trial court denying the appellant's motion to dismiss the case is reversed and here remanded with instructions to the trial court to dismiss the case from the docket.