Foster C. DUNN, Deceased, Petitioner,

v.

Juanita DUNN, Respondent.

No. B–1102.

Supreme Court of Texas.

June 4, 1969.

Brown & Gauss, Robert W. Gauss, Lubbock, for petitioner.

William H. Crenshaw, Jr., Lubbock, for respondent.

HAMILTON, Justice.

The respondent brought this suit in the trial court to secure a divorce and a division of property on January 19, 1967. The defendant, Foster C. Dunn, filed a cross-action also asking for a divorce. The trial court heard the case without a jury on May 24, 1967, and on that day made an oral pronouncement from the bench of its disposition of the cause.

On May 26, 1967, the defendant died. At issue in this Court are two questions: whether such a pronouncement was a valid judgment; and whether the trial court was required to grant the motion to dismiss this action because of the defendant's death.

The Court of Civil Appeals in this case has sustained the respondent's point of error contending that she was entitled to a motion to dismiss the cause because the defendant, Foster C. Dunn, died before the entry of a written judgment. 430 S.W.2d 27. The Court of Civil Appeals has also held that because the defendant's death occurred at a time when the trial court still had jurisdiction of the judgment, the trial court should have granted the respondent's motion to dismiss the action. This holding conflicts with a prior holding in Blain v. Broussard, 99 S.W.2d 993 (Tex.Civ.App.—Beaumont 1936, no writ). In that case the trial court had pronounced an oral judgment granting a divorce, but no written judgment had been entered when the defendant died. Upon the motion of the plaintiff, the trial court set aside the divorce decree and ordered the cause dismissed. Upon appeal, the Court of Civil Appeals ordered the trial court's judgment of divorce entered nunc pro tunc. The Court of Civil Appeals in that case based its result upon a determination that the trial court did not have power to disturb a rendered divorce judgment because of a party's subsequent death. Because of the conflict of this holding with the case at bar, jurisdiction arises in this Court by virtue of Article 1728, Sec. 2, Vernon's Ann.Tex. Stat. (1953).

At the hearing on May 24, 1967, in which the trial court heard testimony on behalf of both parties, the following pronouncement was made from the bench:

"May I say as a preliminary remark, and I am going to decide the case right now, not going to take it under advisement. * * *

"I am going to grant the divorce to Mrs. Dunn, * * *

"No. 1: Mrs. Dunn shall have a homestead right in the property for a period of time from now until not later than January 1st, 1968. If there has not been a voluntary, in other words, fee title to the property, in half and half in both of them, tenants in common, subject to her homestead right, including all the income off of it until January 1st, 1968 [Sic]. At any time in the interim the parties certainly can sell the property if they can work it out between themselves to sell it, and, of course, as to the proceeds from the real estate, which includes, I am including all of that block of real estate, will be divided equally, the proceeds, after expenses of sale. Going with that sale, if there be one, would be the furniture in the little house, that is part of the deal. In other words, I am giving her the furniture in the big house outright. If by January 1st, 1968, some disposition has not been made of it between the parties, I shall appoint a receiver to dispose of the property, that real estate, and after the expenses of receivership are over with, then we will divide the proceeds of that real estate fifty fifty.

"Each party will pay their own attorneys' fee. Costs will be borne by Mr. Dunn, costs of suit, not considering attorney's fees, costs of suit by Mr. Dunn."

The trial court also provided in its directive for dividing the payment of taxes on the realty. After this announcement the respondent's attorney agreed to draw a written judgment for the court. The court itself entered no record of the above proclamation on its docket sheet.

When the defendant died on May 26, 1967, there had been no written entry of the oral pronouncement from the bench on May 24, 1967.

On June 20, 1967, the husband's death certificate was filed with the court. On June 21, 1967, the respondent filed a motion to dismiss the case because of the death of her husband, and on that day the court heard argument on behalf of both parties. On June 27, 1967, the court overruled the respondent's motion to dismiss and entered a judgment in accordance with the pronouncement announced from the bench on May 24, 1967.

The Court of Civil Appeals sustained the respondent's point of error that she was entitled to her motion to dismiss the cause because the defendant died before a written judgment was entered, and accordingly reversed and remanded the cause with instructions to the trial court to dismiss the case from its docket because the trial court had not lost jurisdiction of the judgment at the time of the defendant's death. 430 S.W.2d 27, 29.

The validity of respondent's point of error sustained below first turns upon a characterization of the May 24, 1967, oral announcement from the bench. If this pronouncement was a final "decision" within the contemplation of Rule 164, Texas Rules of Civil Procedure, a party would not subsequently be entitled to a motion to dismiss or to take a nonsuit.

In Knox v. Long, 152 Tex. 291, 257 S.W. 2d 289, 292 (1953), this Court set forth the rule regarding oral rendition of judgments.

"In Freeman on Judgments, 5th Ed., Vol. 1, Sec. 48, pp. 80 and 81, it is said that 'the rendition of judgment is the pronouncement by the court of its conclusions and decision upon the matter submitted to it for adjudication' which 'may be oral as well as written,' and that a judgment is ' "rendered" ' when the decision is officially announced either orally in open court or by memorandum filed with the clerk."

This rule giving validity to oral judgments from the bench is also recognized in Rule 306a, T.R.C.P., which provides in part that:

"Judges are directed to cause, and attorneys and clerks are directed to use their efforts to cause all judgments, decisions, and orders of any kind to be reduced to writing and signed by the trial judge and the date of signing stated therein; *but absence of any such showing shall not invalidate any judgment or order.*" [1] [Emphasis added.]

■ The principle that an oral judgment by the court is valid is predicated upon the supporting principle that the entry of a trial judgment is only a ministerial act. Williams v. Wyrick, 151 Tex. 40, 245 S.W. 2d 961 (1952); Bridgmen v. Moore, 143 Tex. 250, 183 S.W.2d 705 (1944); IV McDonald, Texas Civil Practice, § 17.05, p. 17 (1967 Supp.). Thus a written judgment signed by the trial judge is not a prerequi-

1. Rule 306a, T.R.C.P., additionally provides that for the purpose of determining periods within which appellate steps must be taken, the date the written judgment is signed by the trial judge is controlling.

site to the finality of a judgment. Texas State Board of Examiners in Optometry v. Lane, 337 S.W.2d 801, 804 (Tex.Civ. App.—Ft. Worth 1960).

The respondent in this case also contends that the property rights of the parties were not fully determined in the May 24, 1967, announcement from the bench, and hence the court was only entering an interlocutory order. The validity of this contention depends upon an interpretation of the following portion of the court's pronouncement:

"If by January 1st, 1968, some disposition has not been made of it between the parties, I shall appoint a receiver to dispose of the property, that real estate, and after the expenses of receivership are over with, then we will divide the proceeds of that real estate fifty fifty."

It is this Court's opinion that this order was a final adjudication of the property rights of the parties in that each party to the divorce action was previously held to be entitled to a fifty percent interest in the realty in question. The court order only additionally provided for further proceedings after January 1, 1968, if the parties could not by that time agree on a disposition of the realty in order to divide the process equally. In Ferguson v. Ferguson, 161 Tex. 184, 338 S.W.2d 945, 947 (1960), this Court quoted the rule set forth in 3 Tex.Jur.2d Appeal and Error § 79, p. 345 (1959), characterizing as final such a judgment as we have before us:

"However, the finality of a judgment that settles the rights controverted by the parties is not affected by the fact that further proceedings may be required to carry it into full effect, even though such proceedings may be expressly provided for, if they are merely incidental to the proper execution of the judgment."

■ The May 24, 1967, oral judgment by the trial court is held to be a final judgment, dispositive of the issues before the court. After the announcement of this final judgment, the respondent was not subsequently entitled to dismiss the action, as such a dismissal would conflict with Rule 164, T.R.C.P.

The Court of Civil Appeals has also held in its opinion that when the defendant died, the cause " * * * became a moot question for litigation and there being no defendant in the case * * * the plaintiff who had prevailed in the trial was within her rights in asking the Court to dismiss the case." 430 S.W.2d 27, 28.

In Blain v. Broussard, 99 S.W.2d 993 (Tex.Civ.App.—Beaumont 1936, no writ history), this instant situation was before the court. As stated before, in that case the Court of Civil Appeals held that an order by the trial court setting aside a divorce judgment because of the subsequent death of one of the parties was improper. The respondent and the Court of Civil Appeals rely upon Ledbetter v. Ledbetter, 229 S.W. 576 (Tex.Civ.App.—Austin 1921, no writ history) for the contrary rule. In *Ledbetter*, supra, the appellant asked for a reversal and a remand; the appellee asked for a reversal and a dismissal because the cause had become moot. The Court of Civil Appeals agreed with the appellee, reversed the cause as moot because of the appellant's death pending appeal, and ordered its dismissal in the trial court. We find in neither of these cases a satisfactory enunciation of the law controlling upon a parties' death subsequent to the rendition of a divorce decree.

■ It is true that when a case becomes moot on appeal, all previous orders should be set aside by the appellate court and the case dismissed. Texas Foundries v. International Moulders & Foundry Workers

Union, 151 Tex. 239, 248 S.W.2d 460, 461 (1962). But this was not the case in the cause at bar: the property rights of the parties would be significantly affected depending upon whether the marriage was held to have been terminated by divorce decree or by death. The instant case, then, was not moot, and the Court of Civil Appeals was in error in ordering the trial court to grant a motion to dismiss the cause because of a litigant's death subsequent to the rendition of judgment.

 In fact, since this cause was not moot, either the respondent or a representative for the deceased husband could have attacked the judgment for error under Rule 369a, T.R.C.P., which provides that an appeal can be perfected despite the death of a party after the rendition of judgment. This would be in keeping with the general rule in this and most jurisdictions in divorce cases that the death of a party to the divorce decree during the time allowed for appeal does not preclude an adjudication of the appeal's merits, if the decree affects property rights of the parties. Weaver v. Garrietty, 84 S.W.2d 878, 881 (Tex.Civ.App.—Dallas 1935, err. ref.); Cf. Gunther v. Gunther, 301 S.W.2d 207 (Tex. Civ.App.—Fort Worth 1957, dismd.); see also Bell v. Bell, 181 U.S. 175, 178–179, 21 S.Ct. 551, 45 L.Ed. 804 (1900); Matuszek v. Matuszek, 160 Pa.Super. 526, 52 A.2d 381, 382–383 (1947); 4 Am.Jur.2d Appeal and Error, Sec. 282; 148 A.L.R. 1119; 27A C.J.S. Divorce § 188a. This rule was applied in Gladney v. Gladney, 24 S.W.2d 96 (Tex.Civ.App.—Texarkana 1929, no writ history), where the Court of Civil Appeals reversed the trial court because of a determination that the appellee, who had died after the judgment was rendered, had not met the statutory qualifications of residence necessary to maintain a suit for divorce.

But in this case, neither party ever attacked the judgment itself for error. In this event, there are no assignments of error as to the merits of the judgment brought forward for consideration by this Court.

In view of the conclusions of law reached above, the judgment of the Court of Civil Appeals is reversed, and that of the trial court affirmed.