Carolyn **GILBREATH**, Appellant,

v.

Gary N. **JONES**, Appellee.

No. 6223.

Court of Civil Appeals of Texas, El Paso.

Jan. 26, 1972.

John L. Hoestenbach, Jr., Odessa, for appellant.

Milburn, Hirsch & Warner, H. Thomas Hirsch, Odessa, for appellee.

**306** ■ ▬▬▬▬▬▬▬

OPINION

WARD, Justice.

This is an appeal in a child custody case where the Appellant is the child's mother. The parties to the suit were formerly husband and wife and were divorced in March of 1969, the husband in that action being awarded the divorce together with the custody of Gary, Jr., then three years of age. The custody of the baby brother of Gary, Jr., was awarded to the Appellant-Mother. Two years later, the present custody action was filed by the Appellant seeking the change of custody of Gary, Jr. Trial was had to a jury, which by answer to special issue, found that there had occurred such a material change of conditions that the best interest of the child required a change of custody to the Appellant. However, judgment non obstante veredicto was entered with the custody of the child being retained by the Father. Hence the mother's appeal.

After the appeal was perfected and briefs had been filed, but before submission, Appellee's attorneys informed us that the Appellee had been killed in an automobile accident on October 9, 1971, and that little Gary has ever since been in the care and control of the Mother-Appellant. Motion has been made that the question has become moot. Appellant resists the motions on the strict interpretation of Rule 369a, T.R.C.P., that the cause is not abated by the unfortunate death of the Appellee and that we should proceed to adjudicate the case and render judgment based on the assignments of error presented in her brief. We are of the opinion that the action before us involves purely personal status or personal rights. To now determine the issues of the appeal would be to decide an abstract and moot question which can produce no practical relief particularly where the Appellant has the possession of the contested child. 4 Am.Jur.2d, p. 774, Sec. 281. No property rights are involved before us such as can be present in a di-

vorce case where the Rule is given effect. Dunn v. Dunn, 439 S.W.2d 830 (Tex.1969).

In keeping with our established law, the judgment of the trial Court is set aside and the cause of action is ordered to be dismissed from the docket of the trial Court. Freeman v. Burrows, et al., 141 Tex. 318, 171 S.W.2d 863 (1943).