**Humberto MARULANDA, Appellant,**

v.

**Nancy Valle MENDEZ, Appellee.**

**No. 15233.**

Court of Civil Appeals of Texas,
San Antonio.

Oct. 17, 1973.

Rehearing Denied Nov. 14, 1973.

Lauro Benavides, Laredo, for appellant.

Sam C. Bashara, Goodstein, Semaan &
Bashara, San Antonio, for appellee.

BARROW, Chief Justice.

A will contest. The 111th District Court
of Webb County, by writ of certiorari to
the County Court, entered a judgment on
a jury verdict[1] denying probate of an in-
strument dated May 8, 1970.

Appellant, named independent executor
in said instrument, has perfected this ap-
peal, and asserts three assignments of er-
ror. He urges that the trial court lost
jurisdiction when appellee, the daughter of
testator, did not timely appeal from the ren-
dition of an order of dismissal; and, there-
fore, the trial court's order reinstating said
cause on its docket was ineffectual. He
also urges that appellee did not properly
perfect the writ of certiorari in that the
clerk did not issue a citation as required
by Rule 349.[2] Finally, appellant complains
of the admission of testimony by appellee
in violation of the Dead Man's Statute,
Article 3716, Vernon's Tex.Rev.Civ.Stat.
Ann.

Appellant did not file a motion
for new trial and, therefore, cannot com-

---

1. The jury found that testator lacked testa-
mentary capacity on May 8, 1970, and that
the instrument executed on this date was the
product of undue influence.

2. The reference to all cited rules is Texas
Rules of Civil Procedure.

plain of any error in the admission of appellee's testimony in this jury trial. Rule 324; Superior Insurance Company v. Sanchez, 428 S.W.2d 718 (Tex.Civ.App.—Waco 1968, writ ref'd n. r. e.); Miller v. Miller, 274 S.W.2d 762 (Tex.Civ.App.—San Antonio 1955, writ ref'd). Nor is fundamental error shown by the clerk's alleged failure to issue citation. The record does not demonstrate the absence of any necessary party.

A more difficult question is presented regarding the trial court's jurisdiction to reinstate the cause on its trial docket. A written order of dismissal of this cause was "signed and entered" on August 18, 1972. On September 8, 1972, appellee filed a motion to reinstate the cause, and this motion was granted by an order signed on September 15, 1972. Appellant recognizes the court's 30-day control over its judgment,[3] but urges that the trial court had lost jurisdiction prior to September 15, since the order of dismissal was *rendered* by the trial court on August 1, 1972. This contention is based on a letter of August 1, which the trial judge wrote to the attorneys, wherein the judge reviewed a long period of inactivity, and concluded: ". . . and the Court is therefore of the opinion that said application for the writ of certiorari be quashed and the proceedings herein dismissed with court costs being charged against the Petitioner."

■ Texas courts are committed to the proposition that an oral judgment by the court is valid, and that a written judgment signed by the trial judge is not a prerequisite to the finality of a judgment. Dunn v. Dunn, 439 S.W.2d 830 (Tex.1969). This proposition has resulted in much uncertainty and litigation which emphasizes the need for an amendment of the Texas rules. See Reavley & Orr, Trial Court's Power to Amend Its Judgment, XXV Baylor Law Review 191, 210 (1973).

In 1946, Rule 306a was amended to eliminate the uncertainty insofar as the appellate timetable is concerned by providing that in determining the periods within which the various steps of an appeal must be taken, the date of rendition of a judgment or order shall be deemed to be the date upon which the written draft was signed by the trial judge as stated therein. However, this rule expressly provides that such provision shall not be construed as determining what constitutes rendition of a judgment or order in any other situation or for any other purpose.

This restriction in determining the date of rendition by the date of the signing of the written judgment results in an apparent conflict in the trial court's control of its judgment under Rules 329b(5) and 306a. This conflict was recognized by the Supreme Court in Ex parte Godeke, 163 Tex. 387, 355 S.W.2d 701, 704 (1962), and reconciled, at least for the purpose of determining the question of pendency. Justice Norvell there held: "A cause still pends in a trial court so long as a judgment rendered therein remains subject to attack by motion for new trial or subject to judicial vacation or modification by such court under the terms and provisions of Rule 329b." Under this construction, the trial court retains control over a cause, irrespective of a prior oral decision, until thirty days after the written order is signed. See Fourticq v. Fannin Bank, 461 S.W.2d 251 (Tex. Civ.App.—Houston [14th Dist.] 1970, writ ref'd n. r. e.); Maddox v. Schwartz, 439 S.W.2d 369 (Tex.Civ.App.—Houston [1st Dist.] 1969, no writ); Noble v. Texacon Industries, Inc., 367 S.W.2d 872 (Tex.Civ. App.—San Antonio 1963, no writ).

■ Under this line of authority, the trial court had jurisdiction on September 15, 1972, to set aside the order of dismissal which it had signed on August 18, 1972.

In any event, the record here does not establish that the trial judge's letter of August 1, 1972, was the rendition of an order of dismissal. It was established at the

---

3. Rule 329b(5).

hearing on the motion to reinstate such cause that this trial judge followed the practice of writing the attorneys and stating his tentative opinion as to disposition of a matter. The attorneys were thereby given an opportunity to be heard before actual rendition of a judgment carrying forward such tentative opinion. It is seen that appellant's counsel recognized such practice in this case, in that nowhere in the draft of the order of dismissal prepared by him does he mention the date of August 1, 1972. To the contrary, the date of August 8, 1972, was actually typed in the order proposed by appellant's attorney and changed to August 18, by the trial judge. This record supports an implied finding by the trial court that the order of dismissal was not rendered until August 18, 1972; and, therefore, the court still retained control over same on September 15, 1972. Knox v. Long, 152 Tex. 291, 257 S.W.2d 289 (1953).

The judgment of the trial court is affirmed.