Ex parte JOHNNY G——— et al., dependent and neglected children, Appellants.

No. 15331.

Court of Civil Appeals of Texas, San Antonio.

July 24, 1974.

Brendan E. Gill, San Antonio, for appellants.

Ted Butler, Criminal Dist. Atty., Lawrence J. Souza, Josephine Hall, Asst. Dist. Atty., San Antonio, for appellee.

BARROW, Chief Justice.

This is an appeal by C——— O———, the natural mother of four children, from a judgment terminating the parent-child relationship of said children and appointing Bernard J. Tallerico, Supervisor of Bexar County Child Welfare of the State Department of Welfare as Managing Conservator of the children with certain enumerated rights, privileges, duties and powers.

The case is appealed without a statement of facts. Appellant asserts three assignments of error, all of which relate to the transition from the practice under the Dependent, Neglected Child Act, to-wit: Articles 2330–2337, Vernon's Tex.Rev. Civ.Stat.Ann. (1971), to that adopted by Title 2 of the Texas Family Code, V.T.C. A., Acts 1973, 63rd Legislature, Chapter

543 (1974). Section 4(a) of Chapter 543 provides in part that it " . . . takes effect on January 1, 1974, and governs all proceedings, orders, judgments, and decrees in suits and actions brought after it takes effect, and also all further proceedings in actions then pending, except to the extent that in the opinion of the court its application in an action pending when this Act takes effect would not be feasible or would work injustice."

On February 17, 1972, a caseworker for the Bexar County Child Welfare filed this action under the Dependent, Neglected Child Act and alleged that the four named minor children were dependent and neglected for stated reasons. Petitioner sought the temporary care and custody of said children pending disposition of the case on its merits. Petitioner prayed that, after a hearing on the merits, the children be adjudged dependent and neglected children and that the court enter such orders as be deemed proper and for such further relief to which petitioner might be entitled. Appellant was cited and filed a general denial herein. The oldest child is illegitimate, and his father is unknown. The father of the other three children was cited by publication. Three temporary orders for custody were entered in this cause before it was set on the merits for January 17, 1974. Appellant and the father of the three youngest children were present at the trial. The judgment complained of herein was signed and entered on March 6, 1974.[1]

Appellant urges on this appeal that the trial court erred in terminating the parent-child relationship in that this relief was not prayed for by petitioner and further that the granting of such relief constituted such a surprise as to deprive her of due process. The final point asserts that the judgment signed by the trial court does not conform to the judgment orally rendered at the conclusion of the evidence.

While the practice under the Dependent, Neglected Child Act did not clearly distinguish between a suit seeking only a conservatorship, possession and support of a dependent or neglected child and one to terminate the parent-child relationship as set forth in Chapters 14 and 15 of Title 2, it is settled law that the trial court was given both of these options under Articles 2336–2337 in the event a child was found dependent or neglected. DeWitt v. Brooks, 143 Tex. 122, 182 S.W.2d 687 (1944); Ex Parte Gallop, 486 S.W.2d 836 (Tex.Civ. App.—Beaumont 1972, writ ref'd n. r. e.); Shriner v. Simmons, 483 S.W.2d 324 (Tex.Civ.App.—San Antonio 1972, no writ); Grider v. Noonan, 438 S.W.2d 631 (Tex.Civ.App.—Corpus Christi 1969, no writ); Pettit v. Engelking, 260 S.W.2d 613 (Tex.Civ.App.—San Antonio 1953, writ ref'd n. r. e.); Texas Tech University: Termination, Texas Family Code Symposium, 5 Texas Tech.L.Rev. 446 (1974).

Therefore, under the statute and established case law existing prior to the effective date of Title 2, the trial court was fully authorized under the pleading filed herein to terminate the parent-child relationship under the Dependent, Neglected Child Act. This procedure governed the proceedings here in that the petition was filed prior to January 1, 1974. There were no exceptions filed to the petition. Appellant's point complaining of the sufficiency of the petition is therefore overruled.

Furthermore, it cannot be said that appellant was surprised by the judgment which granted such relief since it was fully authorized by the statute and case law under which the petition was filed. In any event, appellant's plea of surprise is not factually supported by the record. It is seen that appellant's attorney filed herein a Writ of Habeas Corpus Ad Testificandum to secure the attendance of the children's

---

1. There is no complaint regarding the sufficiency of the findings that the children are dependent and neglected, primarily because of the father and appellant's problem with drugs.

father at the trial.[2] In support of such writ, the sworn petition recites that the father " . . . wishes to be present at this final hearing on the merits in order that he might be able to testify in his own behalf as to why his parental rights should not be terminated." It is seen by this pleading that the parties were fully aware that such rights might be terminated at the trial on the merits. Appellant did not file a motion for new trial or assert a plea of surprise in any manner to the trial court. This point is without merit.

■ Appellant's final point urges that the judge verbally ruled on January 18th at the conclusion of the evidence that he was obliged under the Family Code, which had become effective on January 1st, to appoint a Managing Conservator, but that the parents could not be denied visitation rights. Appellant, therefore, asserts the written judgment of March 6th terminating the parent-child relationship was improper. It is apparent from the limited record before us that the judge was uncertain on January 18th of his authority under Title 2 of the Family Code which had just gone into effect. A subsequent hearing was had and, as a result of this hearing, the judge determined that the proper judgment under this record was to terminate the parent-child relationship.

Rule 329b., Section 5,[3] provides in part that: "After the expiration of thirty (30) days from the date the judgment is rendered or motion for new trial overruled, the judgment cannot be set aside except by bill of review . . . . ." Texas courts are committed to the proposition that an oral judgment by the court is valid, and that a written judgment signed by the trial judge is not a prerequisite to the finality of a judgment. Dunn v. Dunn, 439 S.W. 2d 830 (Tex.1969). This proposition has resulted in much uncertainty and litigation over the date of rendition. See Baylor University: Reavley & Orr, Trial Court's Power to Amend Its Judgments, XXV Baylor L.Rev. 191, 210 (1973).

The uncertainty as to the date of rendition was largely eliminated insofar as the appellate timetable is concerned with the adoption of Rule 306a. The apparent conflict in the trial court's control of its judgment under Rules 306a and 329b(5) was recognized and reconciled by the Supreme Court in Ex Parte Godeke, 163 Tex. 387, 355 S.W.2d 701, 704 (1962). Under the construction there adopted, the trial court retains control over a cause, irrespective of a prior oral decision, until thirty days after the written order is signed. See Marulanda v. Mendez, 501 S.W.2d 366 (Tex.Civ. App.—San Antonio 1973, writ ref'd n. r. e.); Kohut v. Mrs. Baird's Bakeries, Inc., 478 S.W.2d 139 (Tex.Civ.App.—Houston [14th] 1972, no writ); Kostura v. Kostura, 469 S.W.2d 196 (Tex.Civ.App.—Dallas 1971, no writ).

Therefore, even if the subsequent hearing was held more than thirty days after January 18th,[4] the trial court clearly had jurisdiction to enter the written judgment on March 6th terminating the parent-child relationship irrespective of the effect to be given the statement made at the close of the evidence. Appellant's final point is overruled.

The judgment is affirmed.

---

2. He was confined to the Bexar County Jail as a federal prisoner awaiting a hearing on the revocation of his parole.

3. All rules are Texas Rules of Civil Procedure.

4. This date is not shown in the limited record.