Mildred E. AUSTIN et al., Appellants,

v.

Victor Leon AUSTIN, Appellee.

No. 5046.

Court of Civil Appeals of Texas, Eastland.

June 2, 1977.

Rehearing Denied July 7, 1977.

Terry L. Belt, Mitchell, George & Belt, Austin, for appellants.

Harriet Samon Owen, Austin, for appellee.

McCLOUD, Chief Justice.

Mildred Austin sued her husband, Victor Austin, for divorce and division of property. Following a nonjury trial, the court orally announced its decision in open court regarding the division of property and entered a notation on the court's docket stating "divorce granted as prayed for." Mildred Austin died before a written order was signed by the court. Following the death of the plaintiff, the defendant, Victor Austin, filed a "Plea in Abatement for Dismissal of Nonsurviving Cause of Action." The legal representatives of Mildred Austin intervened and contested the motion filed by defendant. The court granted Victor Austin's motion and dismissed the cause. The trial court at no time entered a written order

either granting or denying the divorce. The order entered dismissed the cause. The dismissal order also states that Mildred Austin failed to prove her cause of action. Appellants, the legal representatives of the deceased Mildred Austin, have appealed. We reverse and remand.

The divorce action between Mildred Austin and Victor Austin was heard by the court on February 12, 1976. On that date, at the conclusion of the evidence and arguments of counsel, the trial court announced in open court the manner in which the property was to be divided. The statement of facts does not show that the court orally stated divorce granted to Mildred Austin; however, the court's docket sheet reveals that on February 12, 1976, divorce was "granted as prayed for." Mildred Austin died on March 7, 1976.

Appellants contend the court "rendered" final judgment on February 12, 1976, and that upon the death of Mildred Austin, the court lost jurisdiction to enter any order other than a written order evidencing the terms and provisions of the oral pronouncement on February 12, 1976.

Appellee, Victor Austin, argues no judgment of divorce had been rendered prior to the death of Mildred Austin, therefore, the court was correct in dismissing the cause. See *Parr v. White*, 543 S.W.2d 445 (Tex.Civ. App., Corpus Christi 1976, no writ).

We must first determine if judgment was rendered by the court on February 12, 1976. In *Coleman v. Zapp*, 105 Tex. 491, 151 S.W. 1040 (1912), after reviewing the docket entry made by the judge, the court said:

"The judgment of a court is what the court pronounces. Its rendition is the judicial act by which the court settles and declares the decision of the law upon the matters at issue. Its entry is the ministerial act by which an enduring evidence of the judicial act is afforded."

In *Knox v. Long*, 152 Tex. 291, 257 S.W.2d 289 (1953), the court approved a statement in Freeman on Judgments, 5th Ed., Vol. 1, Sec. 48, pp. 80 and 81, which said that a judgment is "rendered" when the decision is officially announced in open court or by memorandum filed with the clerk. See also *Comet Aluminum Company v. Dibrell*, 450 S.W.2d 56 (Tex.1970).

■ The power of a trial court in a divorce case to determine property rights depends upon the granting of a divorce. *Christie v. Tipps*, 279 S.W.2d 142 (Tex.Civ. App., Eastland 1955, no writ); *Carter v. Carter*, 336 S.W.2d 466 (Tex.Civ.App., Austin 1960, no writ).

■ In the instant case, the parties owned substantial property and the court very carefully announced its decision regarding the division. We find nothing in the statement of facts showing that the court orally announced it was granting Mildred Austin a divorce, however, we think in view of the detailed property division and the docket entry, the court "rendered" its decision on February 12, 1976. See *Texas State Board of Examiners in Optometry v. Lane*, 337 S.W.2d 801 (Tex.Civ.App., Forth Worth 1960, writ ref'd); *Crawford v. Crawford*, 315 S.W.2d 190 (Tex.Civ.App., Waco 1958, no writ).

Appellants rely upon *Blain v. Broussard*, 99 S.W.2d 993 (Tex.Civ.App., Beaumont 1936, no writ) and *Dunn v. Dunn*, 439 S.W.2d 830 (Tex.1969) to support their argument that the court had no jurisdiction to enter the order of dismissal after the death of Mildred Austin. In *Blain*, the trial court entered in its docket that a divorce was granted to the plaintiff. Before a written order was signed, the defendant died. The plaintiff then filed a motion, which was granted, requesting that the cause be dismissed. The Court of Civil Appeals held that after the death of the defendant, the trial court no longer had jurisdiction to review its action and the order of the trial court granting plaintiff a "new trial" was void. The court held that a written order evidencing the court's oral rendition should be entered nunc pro tunc. *Blain* followed those cases which held that the primary and substantive subject of a divorce suit is the personal relation of the parties, and their right to the community property is only incidental.

The Court of Civil Appeals in *Dunn v. Dunn*, 430 S.W.2d 27 (Tex.Civ.App., Tyler 1968), *rev'd*, 439 S.W.2d 830 (Tex.1969) held that the death of a party after oral rendition of judgment abated the action and the cause should be dismissed because the issue of divorce ended and the matter became moot.

The Supreme Court in *Dunn v. Dunn*, 439 S.W.2d 830 (Tex.1969) noted the conflict between the holding of the Court of Civil Appeals and *Blain*. The court observed that neither case contained a satisfactory enunciation of the law controlling upon the death of a party subsequent to rendition of judgment. After finding the trial court had orally rendered judgment, the Supreme Court held that since property rights of the parties would be significantly affected the case did not abate upon the death of either party after rendition of judgment. The court further observed that the representative of the deceased party could perfect an appeal under Rule 369a, T.R.C.P.

We hold that since judgment was rendered on February 12, 1976, and it affected the property rights of the parties, the court did not lose jurisdiction of the cause upon the subsequent death of Mildred Austin. The case should be treated like any other case involving the death of a party after rendition of judgment. The death of Mildred Austin did not remove from the court the power to amend or modify its former oral rendition of judgment.

■ Appellants also argue the court lost jurisdiction to modify its judgment 30 days after February 12, 1976, the date judgment was orally rendered. We disagree. The trial court retains control over a cause, irrespective of a prior oral decision, until 30 days after the written order is entered. *Ex Parte Godeke*, 163 Tex. 387, 355 S.W.2d 701 (1962); *Fourticq v. Fannin Bank*, 461 S.W.2d 251 (Tex.Civ.App., Houston (14th Dist.) 1970, writ ref. n.r.e.); *Marulanda v. Mendez*, 501 S.W.2d 366 (Tex.Civ.App., San Antonio 1973, writ ref. n.r.e.); *Ex Parte Johnny G*, 512 S.W.2d 821 (Tex.Civ.App., San Antonio 1974, no writ).

We hold that a dismissal, rather than an order either granting or denying the divorce, was an improper order. The cause did not abate upon the death of Mildred Austin. The court continued to have jurisdiction over the controversy. A written order either granting the divorce and dividing the property or denying the divorce should be entered. A dismissal of the cause was improper.

Judgment of the trial court is reversed and the cause remanded.