**R. O. POLVADO, Appellant,**

v.

**Joanne POLVADO, Appellee.**

No. 12718.

Court of Civil Appeals of Texas, Austin.

May 10, 1978.

Rehearing Denied May 24, 1978.

B. J. Sanders, Moursund & Sanders, Round Mountain, for appellant.

---

Richard Hoerster, Dooley & Hoerster, Fredericksburg, for appellee.

O'QUINN, Justice.

The controlling question in this appeal is whether the trial court acted within its authority in setting aside judgment in a divorce action after death of one of the parties but prior to expiration of thirty days following entry of judgment.

It is undisputed that R. O. Polvado and Joanne Harvey were married on January 8, 1977, and that on February 22, 1977, Polvado filed suit for divorce, alleging that the couple had separated February 15 and that the parties "accumulated no community property during their marriage." Divorce was granted by judgment entered June 24, 1977, in which the court restored Joanne Polvado's maiden name and found that "no community property was accumulated during the marriage."

R. O. Polvado died on July 4, 1977, and three days later Joanne Polvado, now appellee, filed motion to set aside the divorce decree under Rule 329b, Texas Rules of Civil Procedure. The trial court granted the motion and set aside the judgment of June 24 on July 22, 1977.

Under subdivision 5 of Rule 329b failure of a party to file motion for new trial within ten days after judgment or order of the trial court " . . . shall not deprive the court of jurisdiction to set aside a judgment rendered by it, provided such action be taken within thirty (30) days after the judgment is rendered." The only limitation on this power is jurisdictional; that is, " . . . at the time of the vacation or amendment of the judgment the court must still have jurisdiction of the parties and the subject matter." 4 McDonald, *Texas Civil Practice*, sec. 18.03, pp. 222–3 (1971).

We conclude that the trial court was without jurisdiction to set aside the divorce decree. We will reverse its order and judgment vacating the divorce judgment of June 24, 1977.

In this area of the law two earlier decisions by courts of civil appeals were examined by the Supreme Court in *Dunn v. Dunn*, 439 S.W.2d 830, 833 (Tex.Sup.1969). Unlike the facts of the case now on appeal, property rights were involved in *Blain v. Broussard*, 99 S.W.2d 993, 996 (Tex.Civ.App. Beaumont 1936, no writ), in which the appellate court held that in a divorce action nothing is sought to be affected except the marital status of the husband and wife, that distribution of property in such an action is *merely incidental*, and that after the death of either party, the subject of the controversy is eliminated. In *Ledbetter v. Ledbetter*, 229 S.W. 576 (Tex.Civ.App. Austin 1921, no writ), the court of civil appeals decided that the issues involved had, by reason of death, become moot, and the trial court would be without power to enter either decree of divorce or to adjudicate property rights.

The Supreme Court in *Dunn, supra*, stated, "We find in neither of these cases a satisfactory enunciation of the law controlling upon a parties' [*sic*] death subsequent to the rendition of a divorce decree." (439 S.W.2d 833, col. 2).

The Supreme Court held that because property rights would be *significantly affected*, " . . . depending upon whether the marriage was held to have been terminated by divorce decree or by death," the case was not moot, and that the trial court did not lose jurisdiction in a divorce action upon the death of a party after rendition of judgment "if the decree affects property rights of the parties."

In a case decided by the Eastland Court of Civil Appeals in 1977 the rule of *Dunn, supra*, was followed and the court examined the principle stated in *Blain v. Broussard, supra*, in comparison with the decision of the Supreme Court in *Dunn. Austin v. Austin*, 553 S.W.2d 9 (Tex.Civ.App. Eastland 1977, writ dism'd). In *Austin* the court held that since the judgment of the trial court "affected the property rights of the parties, the court did not lose jurisdiction of the cause upon the subsequent death of" the wife, and that the "case should be treated like any other case involving the death of a party after rendition of judgment." (533 S.W.2d 11, col. 1).

The judgment of the trial court in the case on appeal recited that no community property was accumulated by the parties during their brief marriage. Appellee in her motion to set aside the judgment asserted no claim that her community property rights had been in any manner affected by the divorce decree.

We conclude that since the divorce decree did not affect property rights of the parties, the lawsuit involved only the marital status of the husband and wife. Upon the death of the husband, the trial court no longer had jurisdiction of the parties to the divorce action and the subject matter of the litigation.

The order of the trial court vacating the judgment of June 22, 1977, was void and without effect, and therefore is vacated.