COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-04-154-CV

 

 

IN THE INTEREST OF T.S.L.,

A CHILD                                                                                             

 

                                              ------------

 

           FROM
THE 233RD DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

Appellant Stella Atwood
appeals from the trial court=s judgment awarding Appellee James R. Lawson, Jr. a refund of overpaid
child support and attorney=s fees.  We are constrained to
hold that the judgment is void because the trial court did not have exclusive,
continuing jurisdiction of the case under section 155.104(b) of the Texas
Family Code.  We therefore vacate the
trial court=s judgment
and dismiss the case.








Stella and James were
divorced in 1965 in the 48th District Court. 
In 1979, James filed a motion to modify the decree in the 325th District
Court. That court, on its own motion, signed an order dismissing the suit
without prejudice but also suspending the payment of all child support pending
the determination of the present status of the child.  In the same order, the trial court ordered
the child support office to refund the balance in the child support account if,
by the end of September 1981, no determination had been made of a responsible
adult entitled to receive child support.

On October 10, 2003, when
T.S.L. was thirty-nine years old, Stella filed a motion to confirm the child
support arrearage in the 233rd District Court. 
After the 233rd District Court confirmed the arrearage in a judgment,
James filed a motion for new trial, attaching the order from the 325th District
Court, which had apparently been misfiled by the Tarrant County District Clerk=s office.  The 233rd District
Court then granted a new trial on its own motion.        After more than five months of additional proceedings, Stella
objected to any further action by the 233rd District Court, contending that the
325th District Court had continuing, exclusive jurisdiction and moving to
transfer venue to the 325th District Court. 
The 233rd District Court overruled Stella=s objections, denied the motion to transfer venue, and ultimately
issued a judgment granting James a judgment for overpaid child support and
attorney=s fees.  Stella timely appealed.








In her first issue, Stella
contends that the 233rd District Court did not have subject matter
jurisdiction.  Specifically, she contends
that when notified that a request for the identification of the court of
continuing, exclusive jurisdiction was pending, the 233rd District Court had a
duty to enter no further orders, except an order of dismissal, until the
information from the bureau of vital statistics (BVS) was filed with the
court.  Section 155.103 of the Texas
Family Code provides,

(a) A court shall have jurisdiction over a suit if
it has been, correctly or incorrectly, informed by the [BVS] that the child has
not been the subject of a suit and the petition states that no other court has
continuing, exclusive jurisdiction over the child.

 

(b) If the [BVS] notifies the court that the
bureau has furnished incorrect information regarding the existence of another
court with continuing, exclusive jurisdiction before the rendition of a final
order, the provisions of this chapter apply.[1]

 

Section 155.104 of the Texas Family Code
provides,

(a) If a request for information from the [BVS]
relating to the identity of the court having continuing, exclusive jurisdiction
of the child has been made under this subchapter, a final order, except an
order of dismissal, may not be rendered until the information is filed with the
court.

 








(b) If a
final order is rendered in the absence of the filing of the information from
the [BVS], the order is voidable on a showing that a court other than the court
that rendered the order had continuing, exclusive jurisdiction.[2]

A plain reading of these sections shows that in
cases where a petitioner or trial court requests the identification of the
court of continuing, exclusive jurisdiction, the legislature has chosen the
BVS, created at the legislature=s direction by the Texas Department of Health, a legislative agency,[3]
to determine whether a trial court has continuing, exclusive jurisdiction.








Stella=s offer of proof at the February 6, 2004 hearing on her motion to
identify the court of continuing, exclusive jurisdiction and plea to the
jurisdiction included her February 5, 2004 request for information with the
BVS.  The 233rd District Court
nevertheless rendered judgment in James=s favor at the end of the hearing.[4]  Additionally, the record shows that on March
1, 2004, after the trial court had rendered judgment but before it signed the
final judgment,[5]
Stella filed both her notice of filing a request for information with the BVS
and the BVS=s reply
naming the 325th District Court as the court of continuing, exclusive
jurisdiction.  The trial court
nevertheless signed the final judgment in James=s favor on March 24, 2004. 
Accordingly, we hold that the trial court violated section 155.204(a) by
rendering judgment in spite of its knowledge that Stella had filed a request
with the BVS.  We also hold that the BVS=s determination that the 325th is the court of continuing jurisdiction
in this case renders the trial court=s judgment void under section 155.204(b).  We therefore sustain Stella=s first issue.  Because this
issue is dispositive, we do not reach her remaining issues.[6]

Having held the trial court=s judgment void, we vacate the judgment and dismiss the case.

 

LEE ANN DAUPHINOT

JUSTICE

PANEL B:   CAYCE, C.J.; DAUPHINOT
and MCCOY, JJ.

DELIVERED: 
April 27, 2006











[1]Tex. Fam.
Code Ann. ' 155.103 (Vernon 2002).





[2]Id. ' 155.104.





[3]Id. ' 101.0021 (Vernon 2002); Tex. Health & Safety Code Ann.
'' 11.002, 191.002(b) (Vernon 2001).





[4]See S & A Rest. Corp. v. Leal, 892 S.W.2d 855, 857 (Tex. 1995); Reese
v. Piperi, 534 S.W.2d 329, 330 (Tex. 1976); Dunn v. Dunn, 439 S.W.2d
830, 832 (Tex. 1969).





[5]See Leal, 892 S.W.2d at 857; Reese,
534 S.W.2d at 330; Dunn, 439 S.W.2d at 832.





[6]See Tex.
R. App. P. 47.1.