

In The

Court of Appeals

Seventh District of Texas at Amarillo

No. 07-21-00162-CV

IN RE GINGER LIGHT AND JAMES JUSTIN LIGHT, RELATORS

OPINION ON ORIGINAL PROCEEDING FOR WRIT OF MANDAMUS

August 31, 2021

MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Ginger and James Light have filed a petition for writ of mandamus asking that we vacate an award of attorney's fees granted by the Honorable Phillip Hays, 99th District Court. We deny the petition.

*Background*

This is a garnishment case arising from an underlying judgment that was affirmed by this Court on June 14, 2021, in *Light v. Thoma*, No. 07-20-00311-CV, 2021 Tex. App. LEXIS 4703 (Tex. App.—Amarillo June 14, 2021, pet. filed) (mem. op.). The original judgment entered on August 11, 2020, awarded damages to Thoma. On February 22, 2021, Thoma filed an Application for Writ of Garnishment in an attempt to collect on the judgment. The application was granted. On March 8, the Lights filed a motion to vacate

that writ. On March 9th, the Court signed an "Agreed Judgment" between Thoma and the garnishee. On March 12, the Lights filed a motion for new trial and to set aside the judgment. A hearing on the motion was initially set for March 26, 2021, but then continued to May 6, 2021.

In the May 6th hearing, the trial court granted Thoma his attorney's fees. According to the Lights' petition, it also "ordered that (1) Mike Thoma return to the Lights the $40,000 he garnished, (2) the Lights keep their $42,000 cash in the registry of the court during the pendency of the appeal, and (3) Mike Thoma have a judgment against the Lights for his attorney's fees."[1] We are further told that after the May 6th hearing, Thoma's counsel emailed counsel for the Lights regarding the court's directive. It resulted in the Lights refusing to cooperate with Thoma because they (the Lights) were contemplating an appeal.

Other than grant fees at the May 6th hearing, no action was taken on the underlying motion for new trial. Consequently, the motions were overruled by operation of law.

On July 6, 2021, the trial court memorialized in writing its earlier decision to grant Thoma his attorney's fees. The July 6th order stated:

> On May 6, 2021, this Court heard Mike Thoma's request for attorney's fees, *which the Court granted on the record in open court,* during said hearing. The Court HEREBY reduces its May 6, 2021, order to writing.
>
> Plaintiff Mike Thoma IS HEREBY awarded judgment in the amount of $8,420.79 for attorney's fees from James Light and Ginger Light, which reasonable and necessary attorney fees Mike Thoma would not have incurred if the Lights had timely filed their appellate security. The Court authorizes the issuance of all writs necessary to enforce the judgment.

---

[1] We refer to the Lights' petition because they did not accompany that petition with the statement of facts transcribing what was actually said at the May 6th hearing.

2

Signed this 6<u>th</u> day of July, 2021.

(Emphasis added).

On June 7, 2021, the Lights attempted to perfect an appeal of the earlier garnishment judgment. Because they did not pay the requisite filing fee, though, we dismissed the appeal. Thereafter, the instant petition for writ of mandamus was filed to attack the trial court's award of fees incidental to the garnishment action.

*Discussion*

Mandamus is an extraordinary remedy granted only when a relator shows that 1) the trial court abused its discretion and 2) that no adequate remedy exists. *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *In re Llamas*, No. 07-19-00288-CV, 2019 Tex. App. LEXIS 10158, at *3 (Tex. App.—Amarillo Nov. 22, 2019, orig. proceeding) (per curiam) (mem. op.). Part of that burden also consists of complying with the requirements of Texas Rule of Appellate Procedure 52. One such rule obligates the petitioner to accompany the petition with an appendix containing, among other things, a certified or sworn copy of any order complained of or any other document showing the matter complained of. TEX. R. APP. P. 52.3(k)(1)(A). Similarly, the petitioner must also certify that he or she reviewed the petition and concluded that every factual allegation in it is supported by competent evidence included in the record or appendix. TEX. R. APP. P. 52.3(j).

Missing from the petition is the certification mentioned in Rule 52.3(j). Moreover, a reading of that petition clearly reveals the presence of factual allegations. Many of those factual allegations concern what occurred in the May 6th hearing and what was said by the trial court when addressing the request for fees.

3

Also missing is a transcript of the May 6th hearing itself. This too is concerning because we know not what actually transpired there. For example, we can only guess at whether the trial court "granted on the record in open court" the request for attorney's fees as it represented in the July 6th order or whether it simply "orally stated *an intent* to grant the request for attorney's fees" as represented by the Lights in their petition. (Emphasis added). This distinction is of import because voicing an intent to rule connotes an intent to act in the future and is not necessarily a final ruling. *Luna v. Bennett*, No. 05-16-00878-CV, 2018 Tex. App. LEXIS 9357, at *5 (Tex. App.—Dallas Nov. 15, 2018, no pet.) (mem. op.) (stating that 1) a judgment is rendered when the trial court officially announces its decision in open court or by written memorandum filed with the clerk, 2) an intent to render judgment in the future does not satisfy this test, and 3) the words spoken or written by the trial court must evince a present, as opposed to future act that effectively decides the issue before the court); *Woods v. Woods*, 167 S.W.3d 932, 933 (Tex. App.—Amarillo 2005, no pet.) (stating the same).[2]

Moreover, if at the May 6th hearing the trial court's words evinced a final decision, then another obstacle arises. The issue implicated at bar may have been susceptible to disposition through the appeal which the Lights say "they elected not to pursue" and which we dismissed in June of 2021. *Glassman v. Goodfriend*, 347 S.W.3d 772, 778 (Tex.

---

[2] If the trial court did grant the fee request on May 6th, then the ensuing entry of a written order further manifesting that is tantamount to a ministerial act. *See Dunn v. Dunn*, 439 S.W.2d 830, 832–33 (Tex. 1969) (stating that the principle that an oral judgment is valid is predicated upon the supporting principle that the entry of a trial judgment is only a ministerial act); *Luna v. Bennett,* No. 05-16-00878-CV, 2018 Tex. App. LEXIS 9357, at *5 (Tex. App.—Dallas Nov. 15, 2018 no pet.) (mem. op.) (the same). And, a ministerial act may occur after a trial court's plenary jurisdiction expired. *Wellington v. Wellington*, No. 04-16-00707-CV, 2018 Tex. App. LEXIS 670, at *7 (Tex. App.—San Antonio Jan. 24, 2018, no pet.) (mem. op.) (upholding that because entry of the DRO was a ministerial act, it remained valid despite being signed by the court after its plenary jurisdiction expired).

4

App.—Houston [14th Dist.] 2011, pet. denied) (stating that though a garnishment action is ancillary to an underlying suit, it is a separate proceeding from which an independent appeal may be taken upon entry of a final judgment in garnishment). And, it is clear that the failure to timely pursue an adequate legal remedy, like an appeal, does pretermit mandamus relief. *See In re Pannell*, 283 S.W.3d 31, 35–36 (Tex. App.—Fort Worth 2009, orig. proceeding) (denying the petition for writ of mandamus because the relator had an adequate legal remedy through appeal which he did not pursue).

Simply put, the Lights failed to comply with the rules of appellate procedure concerning petitions for writ of mandamus. Their omission precludes us from undertaking an accurate analysis of the purported error committed by the trial court. So too does it prevent us from assessing whether they had an adequate remedy at law pretermitting mandamus relief. Therefore, we deny the petition without prejudice.


Brian Quinn
Chief Justice


5