Diane ERVIN, Appellant,

v.

WICHITA COUNTY FAMILY COURT
SERVICES, Appellee.

No. 17691.

Court of Civil Appeals of Texas,
Fort Worth.

Feb. 20, 1976.

Ray Gene Smith, Wichita Falls, for appellant.

Hank Anderson, County Atty., Wichita Falls, for appellee.

Fillmore, Lambert, Farabee, Purtle & Lee, and Thomas H. Bacus, Wichita Falls, Guardian Ad Litem for minor children.

## OPINION

BREWSTER, Justice.

This is an appeal by Diane Ervin, the mother of two small children, namely, Melissa Ann Ervin and Raymond Louis Ervin, from a July 23, 1974, decree of the Juvenile Court of Wichita County, which decree terminated the parental rights between the said Diane Ervin and her two children and appointed the supervisor of the Child Welfare Unit of the Wichita County Family Court Service as Managing Conservator of said children.

On December 12, 1973, the same Court had rendered a prior judgment declaring these same children to be dependent and neglected children in Case No. 5428–JN. That decree awarded the custody of the children to the Chief Probation Officer of Wichita County and provided for the placement of said children in the temporary care and control of their mother, Diane Ervin, under the supervision of the Wichita County Probation Department. No appeal was taken from that judgment.

This last decree referred to was rendered before Title 2 of the Family Code became effective on January 1, 1974. That proceeding was had under the then controlling statutes, Arts. 2330–2337, inclusive, V.A.C.S. Those statutes were repealed and replaced by Title 2 of the Family Code on January 1, 1974.

Article 2336, V.A.C.S., which was in effect at the time the December 12, 1973, judgment was rendered was in part as follows:

"If, in the opinion of the court, the causes of the dependency of any child may be

removed under such conditions or supervisions for its care, protection and maintenance as may be imposed by the court, so long as it shall be for its best interests, the child may be permitted to remain in its own home and under the care and control of its own parent, parents or guardian, subject to the jurisdiction and direction of the court; and when it shall appear to the court that it is no longer to the best interests of such child to remain with such parents or guardian, the court may proceed to a final disposition of the case."

And Art. 2337, V.A.C.S., provided in part: "In case any child is adjudged to be dependent or neglected under this title then such parents or guardian shall thereafter have no right over or to the custody . . . except upon such conditions in the interest of such child as the Court may impose . . . ."

■ We are convinced that under the facts of this case the effect of the December 12, 1973, decree declaring the two children to be dependent and neglected was not to completely terminate the parental rights of Diane Ervin. The trial court could have rendered a judgment under the old law having that effect, or, as provided in the statutes referred to, it could render a judgment short of that. The judgment referred to did have the effect of drastically altering Diane Ervin's parental rights but it did give her the right to the temporary care and control of her children, so her parental rights were not completely terminated. *Ex Parte Johnny G____*, 512 S.W.2d 821 (Tex. Civ.App., San Antonio, 1974, no writ hist.). What parental rights Diane Ervin had after the rendition of the decree of December 12, 1973, she still had at the time this action was filed on April 10, 1974, because no other judgment had been rendered in the meantime.

Subparagraph (b) of the enactment paragraph of Title 2 to the Texas Family Code provides as follows:

" '(b) Any action or suit commenced after January 1, 1974, that has as its object the modification of an order, judgment, or decree entered prior to January 1, 1974, but which under this Act would be a suit affecting the parent-child relationship, is governed by the provisions of this Act, and shall be treated as the commencement of a suit affecting the parent-child relationship in which no court has continuing exclusive jurisdiction.' "

■ The suit involved here is one affecting the parent-child relationship as is described in the paragraph next above. Its purpose was to terminate what parental rights Diane Ervin still had. The guardian ad litem for the children contends that in order to obtain the relief appellant sought (to terminate the parental rights of Diane Ervin) it had to bring an action, as it did, under § 15.02 because it provided: "A petition requesting termination of the parent-child relationship with respect to a parent who is not the petitioner may be granted if the court finds that: . . . ." The guardian ad litem's contention is that under the facts of this case this § 15.02 is the only section that an action such as the one involved here can be brought under. We believe that contention to be correct, but whether it is the only section or not that such an action can now be brought under is actually immaterial in this case. It is clear that this action can be brought under that section and, by its own wording, it was in fact brought under that section of the Family Code. The question before us then boils down to whether or not the appellee proved the case that it had pleaded under the provisions of § 15.02 of the Family Code so as to be entitled to a decree terminating the parental rights of Diane Ervin to her two children.

On April 10, 1974, a worker in the Wichita County Family Court Service filed this action under V.T.C.A., Family Code, § 15.02(1)(A), (1)(C), and (2) requesting that the parent-child relationship between Diane Ervin and her two children be terminated.

V.T.C.A., Family Code, § 15.02(1)(A), (1)(C), and (2) are material to a decision of this case and they are as follows:

"A petition requesting termination of the parent-child relationship with respect to a parent who is not the petitioner may be granted if the court finds that:

"(1) the parent has:

"(A) voluntarily left the child alone or in the possession of another not the parent and expressed an intent not to return; or

". . .

"(C) knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child; or

". . .

"(I) . . . and

"(2) termination is in the best interest of the child."

A non-jury trial was had, at the end of which the court rendered the judgment that is being appealed from. The court made the following findings in that decree: "The Court finds that the parents of the children have: voluntarily left the children alone or in the possession of another, not the parent, without expressing an intent to return. The Court finds that termination would be in the best interest of the children."

The evidence adduced at the trial was that: on the night of March 31, 1974, Diane Ervin brought her children to the home of her cousin, Gloris Baker, who also had small children, and asked her to keep them for her while she went to Lawton, Oklahoma; she said she went there to try to arrange a loan; at the time Diane Ervin left the children she told Mrs. Baker she would pick the children up the next day; the next day she called Mrs. Baker that she had had car trouble and would be delayed in getting back; the mother testified that she re-turned to pick up the children on April 2, and another witness testified that the mother did not return until April 3; in the interval while the mother was gone Gloris Baker had become ill and her sister, Ann Glover, had come over and gotten the children and had them at her home on April 3; when the mother went to Gloris Baker's home to pick up the children she was in the company of a colored man, a colored woman and a colored child. Gloris Baker at this point called Helen Hicks, a worker at the Wichita County Family Court Service and advised her of the facts and Mrs. Baker was told not to let the mother have the children; Helen Hicks then came out and picked the children up and later filed this suit to terminate the parental rights of Diane Ervin. At the time the children were left with the Bakers they had colds and coughs. The mother had on other occasions left her children with her cousin, Gloris Baker, and on those occasions the children were well cared for by Mrs. Baker. The mother testified that she had dated with a colored man four or five times. The children were said to be, other than for the colds, average healthy children.

◼ In its brief filed in this Court the appellee admits that it was necessary in order for it to make out a case for termination of parental rights under V.T.C.A. Family Code, § 15.02 that it prove by a preponderance of the evidence one or more of the things listed in § 15.02(1)(A) through 15.-02(1)(I) and, further, that termination of the parental rights are in the best interests of the children.

We agree with that interpretation of the law.

◼ Appellee also admits in its brief that all of the evidence offered at the hearing was to the effect that the mother expressly stated at the time she left her children that she was going to return to get them. For that reason appellee did not have any evidence and the evidence was insufficient to

sustain a finding under Subsection (1)(A) of § 15.02 to the effect that the mother had left the children with another, not a parent, and expressed an intent not to return.

 Appellee also admits that there was no evidence tending to prove that the mother had violated Subsection (1)(C) of § 15.02 by knowingly placing or allowing the children to remain in conditions or surroundings that endangered their physical or emotional well-being.

After reviewing the statement of facts we find to be correct the appellee's admissions that there was no evidence and insufficient evidence to support its pleadings that the mother had committed the acts referred to in Subsections (1)(A) and (1)(C) of § 15.02 of the Family Code.

Because appellee failed to produce evidence sufficient to prove that Diane Ervin had committed at least one of the acts referred to in Subsections (1)(A) and (1)(C) it failed to prove the case that it pleaded and was therefore not entitled to a decree terminating the appellant's parental rights in her children.

The trial court did find in its judgment that termination of the mother's parental rights would be in the best interests of the children. We hold that the evidence that was offered during the trial was legally insufficient to support that finding and that the trial court abused the discretion that was vested in it in reaching that decision under the evidence produced.

From our examination of the statement of facts it is apparent to us that appellee failed to prove facts necessary to make out the case it had alleged for a termination of parental rights under § 15.02 of the Family Code.

There is another reason why we must reverse this case.

The appellee in its brief admits that it did not prove the case it alleged and urges the following prayer to this Court: "Appellee, the State of Texas, respectfully prays that this Court enter its Order reversing the Wichita County Juvenile Court's decision terminating the parental rights of Diane Ervin and her two minor children . . ."

 Appellee in its brief has confessed error by admitting that appellant's points of error complaining of the lack of evidence to support the judgment are well founded. It admits that the judgment is wrong and prays that it be reversed.

Many cases hold that a reversal is proper where the appellee confesses error. *Simmons v. Gardner,* 135 Tex. 408, 144 S.W.2d 538 (Tex.Com.App., 1940); *City of Tioga v. Graves,* 220 S.W. 1110 (Tex.Civ.App., Amarillo, 1920, no writ hist.); and for other such cases see 4 Tex.Jur.2d, Rev. (Part 2) 523, Appeal and Error—Civil Cases, Section 873.

The guardian ad litem that the court appointed to represent the children and the appellant also pray that the case be reversed.

The judgment is reversed and the cause is remanded.