**Opinion filed May 16, 2019**



In The

# Eleventh Court of Appeals

_____

## No. 11-18-00306-CV

_____

**TRINITY D. CRAWFORD, INDIVIDUALLY AND ON BEHALF OF PRECISION FRAC, LLC, BLUE GOLD ENERGY, LLC, BLUE GOLD ENERGY BARSTOW, LLC, AND KARMIC ENERGY, LLC; CHAD A. CARSON, INDIVIDUALLY AND ON BEHALF OF PRECISION FRAC, LLC, BLUE GOLD ENERGY, LLC, BLUE GOLD ENERGY BARSTOW, LLC, AND KARMIC ENERGY, LLC; KALEE VANMETER; AND DONNIE SEBURG,**
**Appellants/Cross-Appellees**

**V.**

**JARROD E. DAVIS A/K/A JARED E. DAVIS,**
**Appellee/Cross-Appellant**

**On Appeal from the 142nd District Court**
**Midland County, Texas**
**Trial Court Cause No. CV54756**

# MEMORANDUM OPINION

This appeal arises from the trial court's partial denial of Appellants' TCPA[1] motion to dismiss and presents us with an unusual situation—neither Appellants nor Appellee request that we affirm the trial court's order. Instead, both Appellants and Appellee ask that we render judgment vacating the attorney's fees awarded to Appellee and remand the cause to the trial court for a determination of the attorney's fees and sanctions to be awarded to Appellants. Furthermore, although Appellants and Appellee disagree on whether the trial court erred in partially denying Appellants' TCPA motion to dismiss, Appellee nonetheless asks that we dismiss with prejudice the contested claims underlying this appeal pursuant to Appellants' TCPA motion to dismiss. Thus, because both parties seek the same relief, we reverse.

## Background Facts

Appellants, Trinity D. Crawford, Chad A. Carson, Kalee VanMeter, and Donnie Seburg, together with Appellee, Jarrod E. Davis a/k/a Jared E. Davis, were co-owners and business partners of multiple companies. After the relationship between Appellee and Appellants deteriorated, Appellants alleged that Appellee began using company credit cards and funds to finance purchases of personal vehicles, fund a gambling habit, and pay down personal credit card debt. Consequently, Appellants asserted multiple causes of action against Appellee for misappropriating company funds, including claims for breach of duty and self-dealing. Appellants sought, among other things, restitution, damages, and an injunction against Appellee.

Appellee counterclaimed and asserted claims against Appellants for the following: abuse of process; wrongful injunction; malicious prosecution; tortious

---

[1]TEX. CIV. PRAC. & REM. CODE ANN. ch. 27 (West 2015) (Texas Citizens Participation Act).

interference with a contract; tortious interference with business relations; defamation; business disparagement; civil conspiracy; breach of fiduciary duty; conversion; and theft. Appellee alleged that Appellants defamed him and attempted to deprive him of business opportunities out of a personal vendetta against him.

In response, Appellants filed a motion under the TCPA to dismiss Appellee's counterclaims for abuse of process, wrongful injunction, malicious prosecution, tortious interference with a contract, tortious interference with business relations, defamation, business disparagement, and conspiracy. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.003 (West 2015). Appellants did not move to dismiss Appellee's claims for breach of fiduciary duty, conversion, or theft.

Following a hearing, the trial court partially granted Appellants' TCPA motion to dismiss but denied the motion with regards to Appellee's claims for wrongful injunction, tortious interference with a contract, and tortious interference with business relations. The trial court also awarded attorney's fees to both Appellants and Appellee in the amount of $5,000 but declined to assess sanctions against Appellee.

Both Appellants and Appellee appealed the trial court's order on Appellants' TCPA motion to dismiss. As required by the TCPA, Appellee's non-contested counterclaims (fiduciary duty, conversion, and theft) were automatically stayed pending the outcome of this appeal. *See id.* § 27.003(c).

*Analysis*

Appellants bring six issues on appeal. In their first three issues, Appellants argue that the trial court erred in denying their TCPA motion to dismiss Appellee's counterclaims for wrongful injunction, tortious interference with a contract, and tortious interference with a business relation. In their fourth and fifth issues, Appellants argue that the trial court erred in determining and awarding attorney's fees to Appellants and Appellee. Lastly, in their sixth issue, Appellants argue that

the trial court erred in failing to impose sanctions against Appellee as required by the TCPA.

In response, Appellee has advanced an unusual request—he asks us to rule against him. Specifically, Appellee has foregone addressing Appellants' issues on appeal and has instead requested that we (1) enter an order requiring Appellee to nonsuit with prejudice the contested causes of action, (2) vacate the attorney's fees awarded Appellee by the trial court, and (3) remand this cause to the trial court for a determination of Appellants' proper attorney's fees and sanctions. While Appellee does not concede that the trial court erred in partially denying Appellants' TCPA motion to dismiss, Appellee argues that he is being harmed by the TCPA's automatic stay. Thus, Appellee wishes to withdraw his contested claims so that litigation may proceed on the "non-contested claims" currently stayed at the trial level.

Notwithstanding Appellee's request, Appellants argue that they are entitled to a ruling on the merits of their claims and stress that ordering Appellee to nonsuit would not afford Appellants the same relief that a dismissal with prejudice would. However, a closer look at Appellee's brief reveals that he wishes to "dismiss, with prejudice, all . . . contested claims," and Appellee clarified at oral argument that the contested claims should be dismissed with prejudice. Thus, Appellee has agreed that his counterclaims should not merely be ordered nonsuited but, instead, should be dismissed with prejudice. As such, the parties seek the same relief.

Because both parties have requested that the contested counterclaims be dismissed, neither party has requested that the trial court's order regarding the contested counterclaims be affirmed. It is well established that we cannot grant relief not requested. *See State v. Brown*, 262 S.W.3d 365, 370 (Tex. 2008) ("A party generally is not entitled to relief it does not seek."); *Ballard v. First Nat'l Bank of Trenton*, No. 06-09-00111-CV, 2010 WL 2574036 (Tex. App.—Texarkana June 29, 2010, no pet.) (mem. op.) (holding that the appellate court could not affirm judgment

where neither party requested that the judgment be affirmed). Thus, due to the unusual circumstance here—that both parties request Appellee's counterclaims be dismissed—we reverse the trial court's order pertaining to the partial denial of Appellants' TCPA motion to dismiss and render judgment that Appellee's counterclaims for wrongful injunction, tortious interference with a contract, and tortious interference with a business relation be dismissed with prejudice pursuant to Appellants' TCPA motion.

In their last three issues, Appellants argue that the trial court erred by (1) awarding Appellee attorney's fees, (2) awarding Appellants only $5,000 in attorney's fees when Appellants presented evidence of reasonable and necessary attorney's fees totaling more than $46,000, and (3) failing to assess sanctions against Appellee. Appellee agrees that, because there was no express finding by the trial court that Appellants' TCPA motion was frivolous or solely intended to delay, Appellee was precluded from receiving attorney's fees. Appellee also concedes that an award of sanctions is mandatory under the TCPA where a motion has been granted. Lastly, Appellee agrees that, in light of the dismissal of Appellee's remaining counterclaims, the issue of Appellants' reasonable attorney's fees should be reexamined. Accordingly, Appellee requests that his award of attorney's fees be vacated and that the issues regarding Appellants' attorney's fees and sanctions be remanded to the trial court.

Under the TCPA, a defendant who successfully moves for dismissal is entitled to "(1) court costs, reasonable attorney's fees, and other expenses incurred in defending against the legal action as justice and equity may require" and "(2) sanctions against the party who brought the legal action as the court determines sufficient to deter the party who brought the legal action from bringing similar actions." CIV. PRAC. & REM. § 27.009(a); *Youngkin v. Hines*, 546 S.W.3d 675, 683 (Tex. 2018). Courts have interpreted this language to mean that an award of

5

attorney's fees and sanctions to the successful movant is mandatory. *See Sullivan v. Abraham*, 488 S.W.3d 294, 299 (Tex. 2016) (agreeing that sanctions are mandatory under the TCPA and further concluding that the TCPA requires an award of reasonable attorney's fees to a successful movant); *Serafine v. Blunt*, No. 03-16-00131-CV, 2017 WL 2224528, at *7 (Tex. App.—Austin May 19, 2017, pet. denied) (mem. op.) (holding that, in light of the mandatory nature of a sanctions award under the TCPA, the trial court erred in failing to award some amount of sanctions to achieve the deterrent effect the TCPA requires). Contrastingly, court costs and reasonable attorney's fees may only be awarded to a responding party upon a finding that the motion to dismiss was filed frivolously or with intent to delay. CIV. PRAC. & REM. § 27.009(b). Lastly, as a general rule, reversal is proper where an appellee confesses error. *See McNutt v. Garick Fire Prot., Inc.*, 225 S.W.3d 657, 657–58 (Tex. App.—El Paso 2006, no pet.); *Ervin v. Wichita Cty. Family Court Servs.*, 533 S.W.2d 947, 951 (Tex. Civ. App.—Fort Worth 1976, no writ).

Therefore, here, because Appellee has conceded that the trial court erred in awarding Appellee attorney's fees without first finding that Appellants' TCPA motion to dismiss was filed frivolously or with intent to delay, the trial court erred in awarding Appellee attorney's fees. *See* CIV. PRAC. & REM. § 27.009(b). Likewise, because the TCPA mandates sanctions, the trial court erred in failing to assess sanctions against Appellee. *See id.* § 27.009(a); *Sullivan*, 488 S.W.3d 294. Lastly, because attorney's fees are mandated under the TCPA, in light of our dismissal of Appellee's remaining claims, we agree that the issue of Appellants' reasonable attorney's fees should be reexamined. *See id.* § 27.009(a). Thus, we sustain Appellants' fourth, fifth, and sixth issues.

*Conclusion*

We reverse the trial court's order to the extent that it denied Appellants' TCPA motion to dismiss, and we render judgment that Appellee's counterclaims for wrongful injunction, tortious interference with a contract, and tortious interference with a business relation be dismissed with prejudice. We reverse the trial court's order regarding attorney's fees awarded to Appellee, and we render judgment that Appellee take nothing in that regard. We remand the cause to the trial court for further proceedings consistent with this opinion, including the remaining issues regarding Appellants' attorney's fees and sanctions.


KEITH STRETCHER

JUSTICE


May 16, 2019

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[2]

Willson, J., not participating.

---

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.